R. I. Hospital Trust Co., Admr. and Tr. *vs.* Herbert
C. Calef, *et al.*

MARCH 16, 1921.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Wills. Gifts to a Class.*

Testator bequeathed the sum of fifteen thousand dollars to be distributed after the death of his wife "in equal shares to and among such of them, A. B. & C., as may then be living and the child or children then living of such of them respectively as may then have deceased, leaving a child or children then living, the child or children of each such deceased nevertheless to take the share only original or accruing which his her or their parent would have taken if then living to their own respective uses forever."

After the execution of the will A. died, leaving one son D., and testator by codicil revoked the legacy to A. and made a bequest of $500 to D.

*Held,* that the original gift was to a class, and the clause of revocation removed A. and those who might take under him from the class with the result that the legacy went to the remaining members of the class and D. took nothing thereunder.

*(2) Wills. Construction of Will and Codicil.*

A will and codicil must be taken together and the intention of testator ascertained from a consideration of both.

*(3) Wills. Legacies. Gifts to Class. Lapse of Legacy.*

There can be no arbitrary division of an aggregate sum to a class which would permit the lapsing of a part of such a legacy and as long as there are surviving members of the class the aggregate sum must be divided between the members thereof in the proportions established by the testator.

Bill in Equity seeking instructions by trustee. Certified under Gen. Laws, 1909, cap. 289, § 35.

Vincent, J. This is a bill in equity brought by the Rhode Island Hospital Trust Company as administrator with the will annexed of the estate, and trustee under the will, of William H. Hall, late of the city of Cranston, deceased, against Herbert C. Calef and others, seeking the instruction of this court as to the discharge of its duty as such trustee under certain provisions of said will. The case has been certified to this court under the provisions of the General Laws of 1909, Chapter 289, Section 35.

By his original will, dated August 6, 1884, Mr. Hall, after making certain devises and bequests which are not material to the present consideration, devised and bequeathed all the rest and residue of his estate real and personal to his wife, Cleora N. Hall, in trust, the net income arising therefrom to be taken by or paid to her for her own use during her life. Mr. Hall deceased June 3, 1916. Mrs. Hall, named in the will as executrix and trustee, declined to act in either capacity and the complainant was appointed administrator with the will annexed, June 30, 1916, and on July 18, 1918, was, by a decree of the Superior Court, appointed trustee under said will. Mrs. Hall died May 2, 1920. The will provides for the distribution of the trust estate upon and after the death of Mrs. Hall, one of such provisions being as follows: "The sum of fifteen thousand dollars in equal shares to and among such of them Albert L. Sanders, Rebecca G. Sanders of said Providence, Emma Calef, wife of George C. Calef, of Johnston, as may then be living, and the child or children then living of such of them respectively as may then have deceased leaving a child or children then living, the child or children of each such deceased nevertheless to take the share only original or accruing which his, her or their parent would have taken if then living, to their own respective uses forever."

On May 21, 1893, after the execution of this will, Albert L. Sanders died, leaving one son, Richard C. Sanders, one of the respondents named in said bill of complaint. On March 18, 1896, Mr. Hall executed a codicil to his will which contained the following provision: "I hereby revoke the legacies by my said will given to . . . and to my nephew, Albert L. Sanders, he having died." In the same codicil there is a bequest of five hundred dollars to the above named Richard C. Sanders.

The complainant now desires to be instructed as to whom it should now pay the five thousand dollars which by the terms of the original will would have passed to Albert L. Sanders if living or in the event of his death to his only surviving child, Richard C. Sanders.

The first question presented for our consideration and determination is, Did the revocation of the legacy to Albert L. Sanders carry with it a revocation of the provision that upon his death, before the testator, such legacy should pass to his son, Richard C. Sanders?

If this question should be answered in the affirmative we would come to the further question, Do those to whom the rest of the fifteen thousand dollars was given take the five thousand in addition or does it pass to the residuary legatee, The William H. Hall Free Library?

(1)    The court is of the opinion that the gift under the clause hereinbefore quoted was to a class of beneficiaries. A gift to a class must be of an aggregate sum to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time. The legatees must take a definite proportion of the gift, the share of each being dependent upon the number surviving. It seems to us that these elements, necessary to a gift to a class, are all embraced in the present case. The clause in Mr. Hall's will, which we are now considering, does not allot a separate legacy of five thousand dollars to each of the beneficiaries but bestows an uncompounded sum of fifteen thousand dollars to be divided in equal shares between Albert L. Sanders, Rebecca Sanders and Emma Calef or such of them as might be living at the decease of the testator.

At the time of the making of the will the number of persons who would ultimately enjoy the gift were uncertain, the gift being in equal shares to such of them, "as may then be living, and the child or children then living of such of them respectively as may then have deceased leaving child or children then living, the child or children of such deceased nevertheless to take the share only, original or accruing, which his, her or their parent would have taken."

Further discussion as to whether the gift of fifteen thousand dollars was to a class of beneficiaries would seem unnecessary in view of the case of *Hazard* v. *Stevens*, 36 R. I. 90, in which this court defined the elements required to

constitute such a gift, all of which are to be found in the present case. While it has sometimes been held that a bequest made to individuals by name, although they in fact constitute a class, the intention to give to them individually is indicated and thus the share of one dying before the testator will become intestate property, it has also been held that such a rule is not controlling where it reasonably appears from the will that such was not the testator's intention, and that where the whole will shows that the testator intended the beneficiaries to take as a class, the share of one who dies will go to those who survive the happening of the event through which the legacy becomes effective.

When Mr. Hall made his will four children of his deceased sister, Elmira Sanders, were living. In the bequest of fifteen thousand dollars one of those children was omitted. In naming the three children as the beneficiaries, we do not see any other intent on the part of the testator than to make definite the class membership.

It is well settled that a will and a codicil thereto must be taken together and the intention of the testator must be ascertained from a consideration of both. It is significant that the codicil of March 18, 1896, contains not only a revocation of the legacy to Albert L. Sanders but also a legacy of five hundred dollars to Richard C. Sanders who, but for such revocation, would have shared as one of the class entitled to the legacy of fifteen thousand dollars under the original will. We think it is clear that it was the intention of the testator to exclude the son of Albert L. Sanders from participation in the legacy of fifteen thousand dollars.

Having reached the conclusion that the legacy in the will is a class gift, the clause of revocation removes Albert L. Sanders and those who might take under him from the class, with the result that the legacy goes to the remaining members of that class.

(3) There can be no arbitrary division of an aggregate sum which would permit the lapsing of a part of such a legacy. As long as there are surviving members of the class the aggregate sum must be divided between the members thereof in the proportions established by the testator. *Towne* v. *Weston*, 132 Mass. 513; *Heartt* v. *Livingston*, 14 Hun. 285; *Moeller* v. *Moeller*, 281 Ill. 397; *Shaw* v. *M'Mahon*, 4 Drury & Warren, 431; *In re Dunster*, 1 Chan. Div. (1909) 103.

We have examined the authorities cited in the various briefs which have been submitted to us. We do not deem it necessary to extend this opinion by discussing them in detail. While there are some cases which uphold a contrary view, we think that the conclusions which we have reached are well supported by carefully considered cases, both in our own State and in many other jurisdictions.

It is the opinion of this court that the revocation of the legacy to Albert L. Sanders carried with it a revocation of the provision that upon his death such legacy should pass to his son, Richard C. Sanders, and the complainant, administrator and trustee, is instructed that one-half of said legacy of fifteen thousand dollars should now be paid to Rebecca G. Sanders and the remaining one-half to the heirs of Emma Calef, each of the latter taking one-sixth thereof.

The parties may present to the court a form of decree in accordance with this opinion.

*Tillinghast & Collins,* for complainant.

*Frederick W. O'Connell, Francis B. Keeney, Swan, Keeney & Smith,* for Richard C. Sanders.

*John Courtland Knowles,* for Rebecca G. Sanders.

*Percy W. Gardner, Ada L. Sawyer,* for other respondents.