334 A.2d 420.

MARIA ALMAS SOUZA *et al. vs.* ANNA COTTA RODRIGUES *et al.*

MARCH 25, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is an action for a partition sale of certain lands and division of the net proceeds therefrom. The petitioners brought this suit to enforce their alleged interests in a residuary estate under the will of Antonio M. Cotta. All parties thereafter moved for summary judgment. Reasoning from the language of the will that the testator intended to devise part of the residuary estate to the petitioners, the trial justice denied the respondents' motion and granted the petitioners' motion for summary judgment. The respondents now appeal from that judgment.

Antonio M. Cotta died on May 12, 1949, leaving a will dated May 13, 1940. The will was duly probated and admitted to probate on July 2, 1949. Under the terms of his will, testator devised to his wife Emina and daughter Dorothy successive life estates in his residuary estate and upon the deaths of both, or, in the event that both predeceased him, upon his death, the following disposition of the property was to be made:

"* * * to all my other children living at the time of my death, to be divided equally among them share and share alike, the issue of any deceased child to take the share his, her or their parent would have taken if living, per stirpes and not per capita."

The testator was survived by his wife, who died in 1967, his daughter Dorothy, who died in 1972, and four other children. Another of testator's children, Delphina Almas, predeceased testator and is survived by three children who were living at the time of testator's death and who, together with their respective spouses, claim an interest under this remainder provision.

According to prior decisions of this court, the disposition of property to the testator's "other children" has all the requisite characteristics of a class gift. *Rhode Island Hosp. Trust Co.* v. *Calef*, 43 R. I. 518, 112 A. 787 (1921), *Hazard* v. *Stevens*, 36 R. I. 90, 88 A. 980 (1913). The

clause providing that "* * * the issue of any deceased child to take the share his, her or their parent would have taken if living * * *" creates a substitutional gift to children of deceased members of the class composed of testator's "other children." The petitioners contend that this provision gives them an interest in the residuary estate notwithstanding the fact that Delphina, a potential class member, was not "living at the time of [testator's] death." This argument depends upon whether one can properly construe the class of children whose issue can take under the will to include those children who predeceased the testator. The respondents contend that the requirement that the devise go only to children of the testator living at the time of testator's death limits the substitutional gift to issue of only those children who survived the testator. According to the position taken by respondents, the substitutional provision becomes operative only in the event that a child surviving the testator predeceases the survivor of the life tenants.

In construing the language in this will, this court takes particular notice of the implications of testator's providing for the contingency of the two life tenants' predeceasing testator. The testator, in drafting the will in question, anticipated the possibility of his surviving both his wife and Dorothy and the consequent immediate vesting in enjoyment and possession of the residuary estate. If such a contingency had actually arisen, the property would have passed to those children surviving the testator, "* * * the issue of any deceased child to take the share his, her or their parent would have taken if living * * *." The respondents argue that only the issue of those children surviving the testator can take under this provision. If such an interpretation were applied to the situation we hypothesize, the substitutional provision would be rendered meaningless surplusage. Under respondents' con-

struction, no substitutional gift could occur because the only children deceased at the time of the devise would be those children who predeceased the testator and whose issue would consequently be prohibited from taking an interest under the will. Where the language in a will is reasonably susceptible of a construction which will give its direction effect, this court will not construe such language so as to render its inclusion a meaningless gesture. See Redding v. Rhode Island Hosp. Trust Co., 67 R. I. 41, 20 A.2d 523 (1941); cf. Newport Hosp. v. Harvey, 49 R. I. 40, 139 A. 659 (1927). Clearly, the testator, anticipating the possibility that he might outlive the life tenants, evidenced an intent to make a gift to the issue of children who might predecease him by including a substitutional gift to such issue.

Nothing in the will suggests that the testator's preference for inclusion of issue of children predeceasing him would become inoperative if he should not survive the life tenants. Thus, this court concludes that even in the event the testator predeceased the life tenants, the issue of children predeceasing the testator would take under the will an interest in the residuary estate.

In accordance with this approach, it appears that the petitioners, the children of Delphina, did receive an interest in the residuary estate. Consequently, this court holds that the trial justice properly granted the petitioners' motion for summary judgment.

The respondents' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

Moore, Virgadamo, Boyle & Lynch, Joseph R. Palumbo, Jr., James E. Holland, for petitioners.

A. L. Greenberg, James S. O'Brien, for respondents.