THOMAS E. MINKLER et al.

*v.*

JOHN R. SIMONS, Admr. et al.

*Opinion filed April 21, 1898.*

1. EQUITY—*equity has jurisdiction to construe will if trust is created.* A will clothing the executor with power to sell real estate and distribute the proceeds in a manner pointed out by the will, different from that provided in the Statute of Descent, creates a trust, and any one included in the distribution may call upon a court of equity to construe the will and enforce the trust.

2. SAME—*equity will not entertain bill to construe will where only legal titles are involved.* Equity will not assume jurisdiction for the purpose of construing a will, where only legal titles are involved and no relief other than a declaration of such titles is asked.

3. SAME—*equity may construe will without divesting county court of jurisdiction.* Equity may construe a will, and determine the rights of the parties in the distribution of trust funds in the hands of the administrator with the will annexed, without divesting the county court of its jurisdiction over the settlement of the estate.

4. WILLS—*testator is presumed to have intended to dispose of his entire property.* Courts will adopt any reasonable construction of a will consistent with its terms, so as to give it effect to dispose of the testator's entire property, rather than hold that it was his intention to die intestate as to part thereof.

5. SAME—*courts cannot supply testator's omission to dispose of property.* Courts will hold that a portion of the testator's estate is intestate property where there is nothing from which an intention to dispose of the same can be inferred.

6. SAME—*effect of revocation of devise to one of several tenants in common.* Where a testator devises property to several of his children as tenants in common, and subsequently revokes the devise as to one without disposing of the share revoked, such share does not pass to the other devisees, but descends as intestate property.

CARTWRIGHT, J., dissenting.

*Minkler* v. *Simons*, 71 Ill. App. 462, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kendall county; the Hon. C. W. UPTON, Judge, presiding.

A. M. BEAUPRE, and C. I. McNETT, for appellants.

SAMUEL J. LUMBARD, J. IVOR MONTGOMERY, and P. G. HAWLEY, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a bill in equity brought by the appellants, for the purpose, as claimed in the argument, of obtaining a construction of the will of Smith G. Minkler, deceased, and also to compel a sale of the lands devised by the will and a division of the proceeds. A hearing was had on the bill and answer, no evidence having been introduced except the will, and on the hearing the court entered a decree dismissing the bill. On appeal to the Appellate Court the decree was affirmed.

It appears from the bill and answer that Smith G. Minkler died testate on the third day of June, 1895, leaving a widow, Sarah Ann Minkler, and three children, Thomas E. Minkler, (the complainant,) and Susanna Simons and Florence C. Andrews. The testator, at the time of his death, owned a farm in Kendall county consisting of 191 acres. The first clause of the will names the executor. In the second clause the testator devises all his personal property to his wife. In the third clause the testator gives his wife the income of his real estate during her life, and following the bequest for life is this provision: "And after her death the same shall go to and be divided among my following named children, equally, share and share alike, to-wit: Susanna Simons, wife of John Simons, Thomas E. Minkler and Florence Minkler, to have and to hold the same to them and each of them, their heirs and assigns forever." The fourth clause of the will authorizes the executor to sell the real estate before the death of the wife, if she thinks best, and contains this provision: "And in case my said real estate, or any part thereof, shall not be sold before the death of my said wife, I do hereby confer the same power of sale upon the surviving executor, or administrator with the will annexed, as the case may be, and with the direction that

he shall, as soon as may be consistent with the interest of my said estate, sell all my remaining real estate, and divide the proceeds of such sale, after paying expenses thereof, equally between my said children, share and share alike, taking into consideration any advancements that may have been made to them, or either of them, as aforesaid."

The testator, after the execution of the will, added a codicil thereto, as follows: "Now, therefore, I do revoke and declare null and void so much of my last will and testament, and the conditions of the same, as relates to my son, Thomas E. Minkler. It is now my will and desire, after my decease and final settlement of my estate, that the said Thomas E. Minkler shall receive ($1200) twelve hundred dollars."

The will and codicil were probated in the county court of Kendall county on June 19, 1895. The widow died on November 7, 1895. No part of the land was sold in her lifetime and no part of the land has been sold since her death. The bill prays "that said John R. Simons, administrator with the will annexed of the estate of Smith G. Minkler, deceased, may be decreed by the court to sell said premises in the manner in said will provided, within a short day to be fixed by the court, and divide the proceeds of said sale, after deducting the expense thereof, among the parties entitled thereto, viz.: that he first pay to complainant, Thomas E. Minkler, the sum of $1200, and that he divide the balance as follows, viz.: that he pay to complainant, Thomas E. Minkler, one-ninth part thereof; that he pay to said Florence C. Andrews four-ninth parts thereof, and that he pay to Susanna Simons four-ninth parts thereof."

It is first contended that legal rights, only, are involved, and a court of equity had no jurisdiction to construe the will. We think the law is well settled, where no trust is created neither the heir nor the devisee who claims only a legal title in the estate will be permitted

to come into a court of equity for the purpose of obtaining a judicial construction of the provisions of the will. In other words, where only purely legal titles are involved and no other relief is asked, equity will not assume jurisdiction to declare such legal titles, but will remit the parties to their remedies at law, as declared in *Strubher* v. *Belsey*, 79 Ill. 308, and cases there cited. The same doctrine is declared in *Whitman* v. *Fisher*, 74 Ill. 147. Where, however, a trust is involved a different rule prevails. If a trust is reposed in the executors the aid of a court of equity may be invoked to direct the management or execution of the trust. (*Whitman* v. *Fisher, supra;* 1 Redfield on Wills, 438; *Bowers* v. *Smith*, 10 Paige, 193; Pomeroy's Eq. Jur. sec. 1156.) Here the executors were clothed with power to sell the real estate belonging to the testator at the time of his death, and, upon making sale, distribute the proceeds in the mode pointed out in the will, different from the disposition provided by the Statute of Descents. A trust was therefore created, and any one interested in the distribution of the trust property had the right to invoke the aid of a court of equity to obtain a construction of the will and enforce the trust as provided therein.

It is, however, said, the question involved is one purely for the county court, where letters were granted to settle the estate. We recognize the doctrine, to its fullest extent, that courts of equity will not, except in extraordinary cases, supersede probate courts in the administration of estates. But this bill was not filed for the purpose of having a court of equity assume jurisdiction over the settlement of the estate of Smith G. Minkler, deceased, and *Crain* v. *Kennedy*, 85 Ill. 340, and other like cases, have no bearing on this case. Here was a controversy in regard to the construction of a will and the distribution of trust funds in the hands of the administrator with the will annexed, and a proper disposition of the case will not take the estate out of the hands of

the county court, but when the will is construed and the rights of the parties determined the settlement of the estate can proceed in the county court.

We now come to the main question in controversy between the parties, and that is, whether the testator, by his will and codicil, disposed of all of his estate or only a part. It is contended on the one hand that the testator intended to and did dispose of his entire estate, while on the other hand it is claimed that one-third of the estate was not disposed of, and that it must be held to be intestate property. Where a person makes a will it will be presumed that he intended to dispose of his entire estate, and the instrument will be so construed unless such presumption is clearly rebutted by its provisions or there is evidence to the contrary. (*Hayward* v. *Loper*, 147 Ill. 41.) Indeed, courts will adopt any reasonable construction of a will consistent with its terms, so as to give it effect to dispose of the testator's entire property, rather than to hold an intention on the part of the testator to die testate as to a portion of his property and intestate as to another portion. *Scofield* v. *Olcott*, 120 Ill. 362.

The original will was executed on the 25th day of May, 1875, and under the second clause all the personal property was devised to the wife of the testator. As there was no change made in this provision by the codicil there is therefore no question in regard to the personal property. Under the original will, as has been seen, the real estate, after the death of the wife, was to be sold and the proceeds divided equally among the three children, Susanna Simons, Thomas E. Minkler and Florence Minkler, share and share alike. So far, therefore, as the original will is concerned the testator left no intestate property, and the persons to whom the property was devised and the manner of distribution were made so plain by the will that there was no room for controversy. The testator, however, on the 18th day of May, 1892, added a codicil to his

will, in which he revoked the will in so far as any provision had been made for his son, Thomas E. Minkler, and in the codicil provided that after the testator's decease, on final settlement of his estate, Thomas should receive $1200. The codicil made no change in regard to the one-third of the property which had been devised to Susanna Simons, nor was any change made in regard to the one-third devised to Florence Minkler, but as to the other one-third which had been devised to Thomas no disposition was made. The testator merely revoked that part of the will in which the one-third was given to Thomas, but made no provision whatever where that one-third should go. No doubt the fact that the testator made no provision for the disposition of that one-third was an oversight of the person who drafted the codicil, but the court has no power to remedy the difficulty.

The question then to be determined is, what becomes of the one-third devised originally to the testator's son, Thomas? The will and codicil make no provision whatever for its distribution. Neither the will nor the codicil contains a single word on the subject. There is, therefore, nothing to warrant a presumption of an intention on the part of the testator to make a disposition of the revoked share of the estate, except as to the sum of $1200. However reluctant courts may be to hold that a portion of the property of a testator shall be regarded as intestate property, they cannot do otherwise where, as in this case, there is nothing to show an intention on the part of the testator to dispose of the property. Where a testator devises to three of his children property as tenants in common, and subsequently revokes the devise as to one and makes no disposition whatever of the share revoked, such share will not go to the other two, but it will descend as provided in the Statute of Descent. (*Ramsey* v. *Shelmerdine,* L. R. 1 Eq. 129; *Cummings* v. *Brumball,* 120 Mass. 552; *Creswill* v. *Cheslyn,* 2 Edw. 123; *Mason* v. *Trustees*

*Methodist Church*, 12 C. E. Green, 47; *Floyd* v. *Baker*, 1 Paige, 480.)   It will be remembered that the testator, in the codicil, did not attempt to change or modify, in any manner whatever, the bequests made to the two daughters, Susanna Simons and Florence Minkler.   They, therefore, each take one-third of the proceeds of the real estate after deducting the expenses, as declared in the fourth clause of the will.   As to the other one-third, $1200 of that is devised to Thomas E. Minkler, and the remainder, whatever it may be, is intestate property, and will descend to the three children of the testator, each taking one-third thereof.

The judgment of the Appellate and circuit courts will be reversed and the cause will be remanded to the circuit court, with directions to enter a decree in conformity to the views herein expressed.

*Reversed and remanded.*

Mr. JUSTICE CARTWRIGHT, dissenting.