(No. 11793.—Decree affirmed.)

CHARLES MOELLER *et al.* Appellees, *vs.* JOHN MOELLER
*et al.* Appellants.

*Opinion filed December 19, 1917.*

1. WILLS—*it is presumed the testator intended to dispose of all
his property.* In seeking the intention of a testator it is always pre-
sumed that he intended by his will to dispose of all his property
and leave no part as intestate estate, and this presumption is so
strong that the court will adopt any reasonable construction of the
will rather than hold that the testator intended to die intestate as
to any of his property.

2. SAME—*when change in will by codicil does not leave portion
of bequests intestate.* Where a testator by his will gives all of his
estate to his wife for life and at her death to his eight children "in
equal shares," a codicil revoking the bequest to one of the sons who
had died and giving in lieu thereof the sum of $1000 to his chil-
dren and heirs, and reducing the bequest to another son to $500
less than an equal share with the other children, will not be re-
garded as leaving the $500 and the amount of the deceased son's
share in excess of $1000 as intestate property, but the same will
go to the other children of the testator under the devise of equal
shares. (*Minkler* v. *Simons,* 172 Ill. 323, distinguished.)

APPEAL from the Circuit Court of Lee county; the
Hon. OSCAR E. HEARD, Judge, presiding.

FRED B. SHEARER, HENRY S. DIXON, and GEORGE C.
DIXON, for appellants.

JOHN J. ARMSTRONG, and H. A. BROOKS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

The appellees, six children of Augustus Moeller, de-
ceased, filed their bill in the circuit court of Lee county
against the widow and children of Conrad Moeller, a son
of Augustus Moeller who died after the death of his father,
for the partition of lands devised by the will of Augustus
Moeller. During the January term, 1917, of the court a
decree for partition and a subsequent decree for the sale

of the premises were entered, and a sale was made and re-ported by the master in chancery and approved by the court. Thereupon the appellants, the widow and heirs-at-law of Theodore Moeller, a son of Augustus Moeller who died in the lifetime of his father, presented to the court their intervening petition, asking that a guardian *ad litem* be appointed for those petitioners who were minors and praying the court to vacate the decrees for partition and sale and the order approving the report of sale and that their rights in the premises might be declared and established. Leave was given, and the petition being filed, the complainants demurred to it and the demurrer was sustained. The petitioners elected to stand by their petition and it was dismissed, and they appealed to this court.

The facts admitted by the demurrer are, that Augustus Moeller died on August 21, 1905, leaving a last will and testament made on October 31, 1893, by which he devised to his wife, Johanna Moeller, who has since died, all his estate, real and personal, for and during her natural life. At her death the whole estate was given to his eight children, who were named in the will, "in equal shares to them and each of them and to their assigns forever." Theodore Moeller, one of the devisees, died on October 5, 1902, leaving the petitioners, his widow and heirs-at-law, and afterward, on March 28, 1904, the testator added this codicil to his will:

"I hereby revoke and annul the bequest to my son Theodore, now deceased, and in lieu thereof I give and bequeath to the children and heirs of my son Theodore, at my wife's death, the sum of $1000 in equal shares among them; and I also revoke and annul the bequest to my son Conrad, and, instead of an equal share in my estate, after my wife's death I give and bequeath to him $500 less than an equal share with my other children, as I have had to pay that amount for him, and I hereby ratify and confirm my said will in all other respects."

The question raised by the intervening petition was whether the share of the estate given to Theodore Moeller, and the share given to Conrad Moeller to the extent of $500, were disposed of by the will or passed as intestate estate to the heirs-at-law of the testator. If the share originally given to Theodore Moeller and the $500 passed as intestate estate, the intervening petitioners, as the widow and heirs of Theodore Moeller, deceased, would be entitled not only to the $1000 given the heirs but also to one-eighth of the share and of the $500. On that question the intention of the testator, when ascertained, will control, and the intention to be sought for is not that which may have existed in the mind of a testator not expressed in his will, but that which was so expressed. (*Blatchford* v. *Newberry*, 99 Ill. 11; *Bingel* v. *Volz*, 142 id. 214.) In seeking the intention of a testator it is always presumed that he intended by his will to dispose of all his property and to leave no part of it as intestate estate, and this presumption is so strong that the court will adopt any reasonable construction of the will rather than hold that the testator intended to die intestate as to any of his property. (*Lewis* v. *Harrower*, 197 Ill. 315; *Lewis* v. *Sedgwick*, 223 id. 213; *Welch* v. *Caldwell*, 226 id. 488; *DesBoeuf* v. *DesBoeuf*, 274 id. 594.) Where a testator in disposing of his property overlooks a particular event, which, had it occurred to him, he would have in all probability provided against, the court will not supply a provision by intendment, on a presumption of what the testator would naturally have done. *Illinois Land and Loan Co.* v. *Bonner*, 75 Ill. 315; *Huffman* v. *Young*, 170 id. 290.

Having these rules in mind, the will and codicil are to be read and construed together as constituting the last will and testament of the testator. As so read, the will manifests the intention of the testator to dispose of the remainder after the life estate of his widow in all his property, real and personal, to be shared equally among his children, and

the language employed did not designate or fix the amount which each was to have but only provided that the shares should be equal.• (*Jenne* v. *Jenne,* 271 Ill. 526.) Theodore having died leaving children as his heirs-at-law, to whom his share would have gone, the testator substituted for his share a fixed sum to be paid to his heirs in equal shares. Having paid $500 for his son Conrad and reduced his estate by that amount, he also provided that the share of Conrad should be that much less than an equal share with the other children. It is clear from the language of the will and codicil that he had no intention that a portion of the estate over and above the $1000 should still go to the heirs-at-law of Theodore, and while a testator cannot deprive an heir of his share of the estate unless he gives it to someone else, the evident intention of the testator, as expressed in the will and codicil, was to dispose of his entire estate in harmony with the presumption of law.

The will in this case is much like the one construed in *Minkler* v. *Simons,* 172 Ill. 323, but there are material differences. In that case the son, Thomas E. Minkler, was living when the testator revoked the devise to him and provided that on final settlement of the estate he should receive $1200, while in this case Theodore was deceased, and the testator concluded to give the six children, some or all of whom were minors, a specific sum in place of the share of their father.

In *Eyer* v. *Williamson,* 256 Ill. 540, the will divided the estate of the testator into three shares, two of the shares to go to the children of deceased brothers and the third to go to a brother if living, or, in case of his death, to his children or their descendants. The testator, learning of the death of the brother, made a codicil to the will giving to the children of that brother $2000, to be divided share and share alike, and recited that the codicil was intended to change his will only so far as the children of that brother were concerned and the balance of the estate was to be divided as

directed in the will. The case of *Minkler* v. *Simons* was distinguished, and it was held that the testator intended to dispose of all his estate. The testator in that case said that the codicil was intended to change his will so far, only, as the children of the brother were concerned, but that would be the law whether it was stated in the codicil or not, and in this case the testator by the codicil ratified and confirmed the will in all other respects than the fixing of a definite sum for the heirs of Theodore and the reduction of $500 from the share of Conrad.

The decree is affirmed.                    *Decree affirmed.*

---

(No. 11721.—Reversed and remanded.)
THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellant, *vs.* MORTON T. CULVER, Appellee.

*Opinion filed December 19, 1917.*