(No. 16594.—Reversed and remanded.)
PAULINA PONTIUS, Appellant, *vs.* WILHELMINA CONRAD
*et al.* Appellees.

*Opinion filed April 24, 1925—Rehearing denied June 9, 1925.*

1. WILLS—*when court cannot by presumption supply omitted provision.* The presumption that a testator intended to dispose of all his property does not authorize the court to supply an omitted provision, where there is nothing in the will itself to show the intention of the testator as to the disposition he would have made had the omission been called to his attention.

2. SAME—*intention as expressed in a will must be ascertained.* The intention to be ascertained in construing a will is not that which by inference may be presumed to have existed in the mind of the testator but that which he has expressed by the words used.

3. SAME—*the intention to disinherit must be clearly expressed.* The heirs of a testator are favored in construing wills and they cannot be disinherited upon mere conjecture, but the intention to disinherit must be indicated clearly, either by express words or by necessary implication.

4. SAME—*devise by implication must be based upon expressed intention.* A devise by implication cannot be inferred from silence or based upon a conjecture as to the testator's intention but it must be based upon some expression in the will and be a necessary inference therefrom.

5. SAME—*when fee, not having been disposed of, descends to heirs.* Where a testator's heirs are his children and a grandchild and the only dispositions of property made in his will are a life estate to his widow and a provision for the payment of $500 to his grandchild upon her attaining majority, a provision that in case the grandchild die before attaining majority the money shall be divided among the children of the testator "with the rest and residue" of the estate is not sufficient upon which to presume an intention to disinherit the grandchild should she attain majority, and, no provision having been made in such case, the fee descends to all the heirs, including the grandchild.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

EDWARD B. ZAHN, for appellant.

317—16

JOHN E. FOSTER, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

August Bercher died on October 26, 1908, leaving his wife, Maria Anna Bercher, surviving him. His heirs were his three daughters, two sons and a grand-daughter, Paulina Pontius. He executed a will a few weeks before his death, which was admitted to probate, by which, in addition to directing the payment of his debts and funeral expenses and the erection of a monument and naming an executor, the only disposition made of his property is contained in the second and third paragraphs:

"*Second*—After the payment of such funeral expenses and debts, I give, devise and bequeath unto my beloved wife, Maria Anna Bercher, all my estate, real, personal or mixed of which I shall die seized and possessed, or to which I shall be entitled at the time of decease; to have and to hold the same during her natural life.

"*Third*—I direct that five hundred dollars ($500) be paid by my executor hereinafter named to Paulina Pontius, the only surviving child of my deceased daughter, Paulina Pontius, when she shall have attained legal age and after the death of my wife. Should my said grand-daughter, Paulina Pontius, die before attaining legal age, the said five hundred dollars ($500) shall revert to and be equally divided with the rest and residue of my then estate among all of my following children: Wilhelmina Conrad, Aloisius Bercher, Maria Baumer, Katharina Kohler, and John Bercher, share and share alike."

The testator owned two pieces of real estate in Cook county, which he had owned for many years. At the time of his death he was sixty-five years old, his wife was sixty-two and his grand-daughter was three. His widow died on December 18, 1913, and his grand-daughter arrived at the age of eighteen years on May 14, 1923. Soon after, she filed a bill in the superior court of Cook county for

the construction of her grandfather's will and an accounting of the rents and profits, making the other heirs defendants. They demurred to the bill, their demurrer was sustained and the bill was dismissed for want of equity. She has appealed from this decree.

In addition to the facts which have been stated, the bill alleged that one tract of the real estate had been taken by the city of Chicago for the extension of Ogden avenue by condemnation proceedings, to which she and all the other heirs of August Bercher were made parties, but her guardian, who had been appointed by the probate court of Cook county, was not made a party and no guardian *ad litem* was appointed for her and no summons was served on her; that a certain sum of money was deposited with the county treasurer of Cook county purporting to have been awarded to the heirs of August Bercher as compensation for the real estate taken by the city, and a petition was filed in the county court praying for the distribution of the money so deposited, in which the children of August Bercher were all named, either as petitioners or defendants, but to which neither the appellant nor her guardian was made a party and no reference was made to her or to her rights, and neither she nor her guardian had any knowledge of the proceedings and no guardian *ad litem* was appointed for her; that upon reaching her majority the appellant received the legacy of $500 mentioned in the will but has not received any of the rents and profits of the real estate or any part of the consideration paid by the city of Chicago under the condemnation proceedings, but the children of the testator claim to be the sole owners of the real estate and deny the right of the appellant to a share in it; that the testator's son Aloisius, who was named as executor of the will, collected the rents from the real estate, of the amount of which the complainant has no knowledge. The bill prays that the court will construe the will; that the defendants be required to account to the complainant for an undivided

one-sixth interest in the estate of her grandfather and for one-sixth of the rents, issues and profits of the real estate after the death of his widow.

The question·for decision is whether under the will the children of the testator take his real estate as residuary devisees, and this depends upon the construction of the third paragraph of the will. There is no express devise of the fee to them, but the appellees contend that there is a clear implication from the provisions of the will of a devise of the residue to the testator's five children.

The only gifts made by the will expressly are the life estate to the widow, the legacy to the appellant and the gift of it over to the testator's children, should she die before attaining legal age,—meaning her majority. The latter gift was to have no effect unless Paulina should die "before attaining legal age," and in that case it was to revert to and be equally divided, with the rest of the estate, among the five children. The rest of the estate not having been previously referred to was not affected by the will but by operation of law would, in case of Paulina's death before attaining legal age, go to the children equally. The testator's heirs were his five children and this grand-daughter, the appellant, who would all inherit equally. The effect of the legacy of $500 to 'Paulina was to give her that much greater share in the estate, and the object of the subsequent provision was to declare that if Paulina did not live to receive the legacy it was to be divided among the remaining heirs, who would receive the rest of the estate. This sentence by its terms was to have no effect unless Paulina died before attaining legal age, and she did not. Therefore neither the legacy nor the rest and residue of the estate was affected.

It is true, as the appellees insist, that a testator is presumed to have intended by his will to dispose of all his property and leave no part of it as intestate estate, and the court will adopt any reasonable construction of the will

rather than hold that the testator intended to die intestate as to any of his property. If, however, the testator has overlooked a condition which he would perhaps have provided for if it had occurred to him, the court cannot guess at what provision he would probably have made and by construction read it as a part of his will on the presumption that he would naturally have made such a provision if he had thought of it. (*Moeller* v. *Moeller*, 281 Ill. 397.) Where there is nothing in the will itself to show the intention of the testator as to the disposition of his property in the condition which has actually arisen, the court cannot hold that the will disposes of the property in a particular way, on the supposition that the testator would probably have disposed of it in that way if his attention had been called to the particular circumstances. (*Minkler* v. *Simons*, 172 Ill. 323.) The testator having devised a life estate to his wife and bequeathed a legacy of $500 to his infant grand-daughter, payable upon her attaining her majority, thus making an additional provision for her in excess of the shares of the other heirs, all adults, in consideration of the fact that she might die before the legacy became due, expressed the intention that in that case the $500 should be equally divided among the other heirs. This provided for the one alternative of her death before attaining legal age. What if she did not die before that time? He had already provided for that event by declaring that she should be paid the $500, and the law of descent provided that she should have her equal share of the rest of the estate. There is no suggestion in the will as to any purpose to change by the last sentence of paragraph 3 the intention of the testator except in the event of the death of the appellant before attaining her majority, and we cannot supply such intention. The intention sought is not that which by inference may be presumed to have existed in the mind of the testator but that which by the words used in the will he has expressed. *Engelthaler* v. *Engelthaler*, 196 Ill.

230; *Williams* v. *Williams,* 189 id. 500; *Bingel* v. *Volz,* 142 id. 214.

Another presumption which prevails in the interpretation of wills is against a construction which will have the result to disinherit the heir. The heirs of a testator are favored by the policy of the law and cannot be disinherited upon mere conjecture. When the testator intends to disinherit them he must indicate that intention clearly, either by express words or by necessary implication. The intention must be manifest and rest on something more certain than conjecture. The heir is not to be disinherited except by express devise, or by implication so inevitable that an intention to the contrary cannot be supposed. Devises by implication have been recognized where a necessary implication of devise arises from the provisions of the will, but probabilities as to the testator's intention cannot be weighed. The implication must be so strong that an intention contrary to that imputed to the testator cannot be presumed to have existed in his mind. The implication must be so necessary as to leave no hesitation in the mind and permit no other inference. (*Connor* v. *Gardner,* 230 Ill. 258.) A gift by implication cannot be inferred from silence on the subject but must be based upon some expression in the will. *Bond* v. *Moore,* 236 Ill. 576; *Martin* v. *Martin,* 273 id. 595.

At the testator's death the remainder after the life estate devised to his widow, not having been devised by the will, descended to his heirs, including the appellant. The event had not occurred upon which the gift of the residue to the children was based. It never did occur. The will gave the legacy to the grand-daughter but indicated no intention that it should be in full of her share of the estate. It was payable only after the death of the widow, and if she was not living to receive it, the will provided that it should be divided among the other heirs, but there is no intimation in the will that if she should receive it she should receive no other part of the estate.

The demurrer should have been overruled. The decree is reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*