Elisha W. McCrillis )
        vs.           ⟩Eq.No.7436
Edgar McCrillis, Etc. )

January 22, 1926

HAHN, J. Heard on demurrer to a bill in equity. The bill alleges that Jacob Wilson McCrillis died on March 22nd, 1921, leaving a will which provided in part as follows:

> "My trustee shall from time to time sell all the unimproved lands in my estate and shall, in case my personal estate, aside from my household furnishings, prove insufficient to pay my just debts, funeral expenses, the cost of administering my estate (shall) use enough of the proceeds of the same of said lands to complete the administration of my estate, and thereafter pay one-half the net proceeds of said lands to my son, Elisha W. McCrillis, in sums not exceeding $100 per month," etc.

The residue of the estate was given to the trustee, Edgar McCrillis, the respondent. The will having been probated, the executor, Edgar McCrillis, duly qualified, and the estate being in process of administration in accordance therewith, the construction of the above provision of the will is called in question by the said bill and demurrer.

Respondent contends that it was the obvious intention of the testator, under the above clause, that all debts, etc., should be paid and the administration of the estate completed or closed, before any payments should be made to Elisha W. McCrillis from the proceeds of said lands. Complainant maintains, however, that it was the intention of the testator that payments should begin as soon as proceeds were available from such sale. This appears to be the main point of dispute.

The payments were evidently intended in the way of maintenance and support, and it would accordingly seem probable that testator would have intended that they should begin promptly, that they should not be unduly delayed in any event. Testator died in March, 1921, and has therefore been dead nearly five years and the estate is not yet closed and may not be for quite some time. Could testator have intended or contemplated any such delay in the beginning of the payments, by his use of the word "thereafter," etc.? It does not seem likely, and the probable intention of the testator was that the trustee should, in the event of there not being sufficient personal property to pay the debts, funeral expenses and cost of administration, set aside from the proceeds (of the sales of land) enough to cover or offset the deficiency so that the settlement of the estate might be completed. He merely wished to insure the payment of his just debts, funeral expenses and cost of administration, as is usual in such cases, and his provision is undoubtedly similar to the more common one found in all wills, "after all my lawful debts are paid and discharged" or "after the payment of my just debts and funeral expenses." Such expressions are held not to fix the time of payment of any gifts or legacies, the word "after" being construed as "subject to."

King v. King, 14 R. I. 143, 146.
Minot v. Amory, 2 Cush, 377, 387.
Lamb v. Lamb, 11 Pick. 371, 377-378

> "I do not think that the clause 'after all my lawful debts are paid and discharged'

\*    \*    amounted to an ex- pression or declaration on his (testator's) part that the execu- tor might withhold all pay- ments of this legacy until he had liquidated the last debt against the testator."

Conklin v. Conklin, 48 N. Y. Misc. 432, 433.

It does not appear therefore that the phraseology in the present in- stance sustains respondent's conten- tion. This being so, just when or from what time is complainant en- titled to the payment? From the date of the death of testator, or from the time when sales of the land might make proceeds available for such pay- ments?

In the case following, a will direct- ed the executor to sell the real estate and some personal property and after the payment of debts and expenses the residue was to create a trust fund from which certain monthly sums were to be paid to testator's wife, etc. The Court said:

"The circumstance that the will directs a conversion of his real and personal estate into money and the payment to his daughter as trustee of the fund thus created, out of which the annuities are to be paid, does not affect the principle that the will speaks from the death of the testator; and consequently that the annuities, if no time of beginning is specified, begin from the date of his death."

Curran v. Green, 18 R. I. 329, 330, 332.

In the following recent New York case, authority was given the execu- tors of a will to sell real estate and apply the proceeds in certain shares to nephews and nieces. A question similar to the present one then arose, and the Court said:

"Of course, there would be no income actually realized on the principal of the trust fund

in the ordinary manner until the proceeds of the sales were received, but that is not the proposition involved here. The property was devised to the trustees for the purpose of the trust. The provision for con- verting it into personalty was imperative, and the question is shall the proceeds when actual- ly realized be so apportioned as to give the life tenant a sum as income from the time when the property is deemed to have been converted and during the period of deferred actual con- version, and thus carry out the supposed intent of the testatrix. In my opinion this question is not decided   \*   \*   \*   by the fact that there was no actual income to be enjoyed by plain- tiff until the proceeds of the sale were received by the trus- tees. The latter fact is the very basis for applying the rule in such a case and giving to the life tenant a sum as income during the period when he would have actually received income if the assumed inten- tions of the testatrix had pre- vailed."

Lawrence v. Litlefield, 215 N. Y. 561, 582.

In the following Massachusetts case, there was a direction to sell real estate and create a trust fund, etc., and the Court said:

"The testator is presumed to have expected that some time would be required to accom- plish this (sale). At the same time, he is presumed to have in- tended that the rights of the life tenant to income should be ascertained on the creation of the fund as if the fund had come into existence immediate- ly after his death."

Edwards v. Edwards, 183 Mass. 581, 583.

Following these authorities, it is apparent that the clause or provision in the present instance, should be construed in complainant's favor and that he is accordingly entitled to the payments as and from the testator's death, that the interest or right vested immediately upon testator's death.

Rhode Island Hospital Trust Co. v. Noyes, 26. R. I. 323, 328-9.

Respondent also contends that the granting of the bill would prejudice his rights as residuary beneficiary under the will. This assumes that complainant had no vested interest. But it has already been decided that complainant's payments were to date from the death of testator, but even if the time of payment had been postponed, the legacy or payments would have vested immediately.

"The question is always,—is futurity annexed to the substance of the gift? If so, the vesting is postponed; or is it annexed to the time of payment only? If so, the legacy vests immediately."

R. I. Hospital Trust Co. v. Noyes, 26, R. I. 323, 328.

Respondent's fifth ground of demurrer is to the effect that complainant's own act, in bringing a claim against the estate which claim is now pending—is preventing the happening of the event (completion of the administration of the estate) upon which respondent contends the payments were to begin. But it has already been decided that the payments were not to await this event.

Respondent also demurs to the bill on the ground of want of equity, that the bill is not one primarily for the construction of a will but asks for positive affirmative relief. It is obvious that the bill involves the construction of a will, however, and while there might be some doubt as to whether the prayer of the bill would justify the certification of the bill under General Laws, 1923, Chapter 339,

Section 35, see Horton v. Horton, 45 R. I. 492, 495, as one primarily for the construction of a will, the fact that the will created a trust would seem to give a court of equity jurisdiction, the construction of the will being incidental to the matter of the trust.

"It is when the court is moved on behalf of an executor, trustee or cestui que trust, and to insure a correct administration of the power conferred by a will that jurisdiction is had to give a construction to a doubtful or disputed clause in a will. The jurisdiction is incidental to that over trusts."

Longwith v. Riggs. 123 Ill. 258, 263.

"Here the executors were clothed with power to sell the real estate belonging to testator at the time of his death and upon making sale distribute the proceeds in the mode pointed out in the will * *. A trust was therefore created and any one interested in the distribution of the trust property had the right to invoke the aid of a court of equity to obtain a construction of the will and enforce the trust as provided therein."

Minkler v. Simons, 172 Ill. 323, 326.

"Construction of a will may be obtained in equity where that relief is incidental to the relief sought by a bill of which the court has jurisdiction on other grounds as where a trust is involved."

40 Cyc. 1839.

"The bill is not filed avowedly for the construction of the will. Its object is to prevent further dealing, by these trustees, with the real estate in question, and a recovery from them of the estate now in their hands. * * * The defendants demur generally for want of equity.

The cestui que trust in such cases may file a bill in this court to have his rights as cestui que trust settled and ascertained, and to have the trusts of the will carried into effect

so far as they are valid and effectual."

Gillen v. Hadley, 72 N. J. Eq. 505, 510-511.

Demurrer to bill overruled.

For Complainant: Greenlaw, Tilley & Tetlow.

For Respondent: Albert B. West.