State Bank & Trust Company and Kathryne M. Westreicher, Trustees under the Last Will and Testament of John Westreicher, Appellees, v. Anna Foss et al., Appellants.

Gen. No. 33,891.

436

Opinion filed May 14, 1930.

Ashcraft & Ashcraft, for appellants; Carroll J. Lord, of counsel.

Poppenhusen, Johnston, Thompson & Cole, for appellees; Frederick Mayer, of counsel. Donald R. Richberg and Leo J. Hassenauer, for certain appellee; Leo J. Hassenauer, of counsel.

Mr. Presiding Justice Wilson delivered the opinion of the court.

This is a bill in equity filed by State Bank and Trust Company, a corporation, and Kathryne M. Westreicher, as trustees under the last will and testament of John Westreicher, deceased, asking for a construction of the said will. The bill sets out at length the probate of the will; the issuance of letters testamentary to the executors; the filing of the inventory of

the estate; the filing of the final account and report of the executors showing the amount on hand, the real estate left by the deceased, together with the amount of income derived therefrom; the payment of the amounts devised by said will; the creation of a trust and the names and amounts of those to be benefited by reason of the trust and its final termination.

A copy of the will is attached to the bill of complaint and it is with the construction of this will that we are particularly concerned. It directs the payment of debts and funeral expenses, gives and bequeaths certain personal property, including certain shares of the capital stock of the Evanston Trust and Savings Bank to Kathryne M. Westreicher, wife of the testator; directs the payment of taxes and gives and devises all the rest, residue and remainder of testator's estate, real, personal and mixed, to the State Bank and Trust Company, a corporation, and Kathryne M. Westreicher, the wife of the testator, as trustees.

The trust thus created by the will gives to the trustees the usual powers to invest and reinvest the principal and proceeds thereof and to sell, assign, lease, incumber, improve and convey said property or any part thereof as the trustees shall deem proper, to collect rents and receive dividends and to have full and unlimited power and authority as if said trust property were their own; to settle and determine whether such property be principal or income, but that all dividends not in money shall be deemed principal; said trustees to have the power to pay the charges and expenses in the management of the trust estate and to pay taxes and to have reasonable compensation for their services.

The trust thus created by the will further provides that the sum of $300 per month shall be paid to the wife of the testator during the term of her life. Said sum to be paid at all times, and if there be any surplus,

then the trustees are to pay out of the net income of said estate the sum of $60 per month to Katie Stemper Firzlaff so long as she shall live and to Christian Stark $60 per month so long as he shall live, and after his death to pay said last named sum to the daughter of said Christian Stark if she be then living, so long as she shall live.

Provided further that if the testator leave no lawful issue surviving, then the trust shall continue until the time of the death of the last survivor of those provided for in the will and then terminate.

It is this clause of the will, section (f), which, it is contended, makes no provision for the disposition of the remainder of the income of the estate. The testator died without issue. The previous provision which provided for the division of the remainder of the income between the wife and the children, in the event the testator should die leaving issue, takes care of the surplus or remainder of the income in the event of such a happening, but the will makes no provision for the remainder of the income in the event testator dies leaving no issue. Section (g) of the will provides as follows:

"If I leave no lawful issue surviving, or if I leave lawful issue surviving, and all such issue die before the time for the distribution to them of the principal or corpus of my trust estate, then after the death of my wife, said Trustees shall pay out of the net income of my trust estate the sum of One Hundred and Fifty Dollars ($150.00) per month to the heirs at law of said Kathryne M. Westreicher, until the time for the termination of this trust; and said Trustees shall apply all the remainder of the net income of my trust estate to the payment of my debts until all of my debts are fully paid, but not longer, in any event, than twenty years from the time of my death, and after the payment of my debts said Trustee shall pay out of the principal or corpus of my trust estate the sum of Two

Thousand Dollars ($2,000.00) to St. Jacob's Church, . . . and after the payment of my debts and the payment of said sum of Two Thousand Dollars ($2,000.00) to St. Jacob's Church, said Trustees shall pay out of the net income of my trust estate, in monthly installments to the persons in this paragraph named, the amounts set after their respective names, until the time for the termination of this trust, viz.: To my niece, Anna Linster Foss, One Hundred Dollars ($100.00) per month, and after her death to her heirs at law One Hundred Dollars ($100.00) per month; to my nephew Nicholas Linster, Sixty Dollars ($60.00) per month; to my niece Amanda Scheibe Zacker, of Rensselaer, Indiana, Twenty-five Dollars ($25.00) per month; and if there be any net income of my trust estate remaining at the end of any year it shall be divided among the said Anna Linster Foss, Nicholas Linster and Amanda Scheibe Zacker, pro rata, in the proportions of their monthly payments hereinbefore provided for,'' etc.

Provision is then made for the disposition of the entire estate remaining in the hands of the trustees at the termination of the trust.

Kathryne M. Westreicher, wife of the testator, insists that under a proper construction of the will, and particularly section (g), she is entitled to the remainder of the income of the trust estate after the payment of necessary operating expenses, during her lifetime.

Anna Linster Foss, Nicholas Linster and Amanda Scheibe Zacker contend that, the testator having died without issue and no provision being made in the will for the disposition of the balance of the income in such an event, they are entitled to the payments provided for them in section (g) of the will immediately, out of the balance of the income, after the payments specifically provided for, namely, payments of taxes and operating expenses and the further sums of $300 per

month to Kathryne Westreicher; $60 to Katie Stemper Firzlaff and $60 to Christian Stark.

Those named in the will who were to receive the principal estate at the end of the trust, have failed to follow this appeal and have at no time contended that the remaining income should be left in the hands of the trustees and be considered as principal until the final disposition of the trust estate. The decree entered in the circuit court found that the remainder of the income was vested in Kathryne M. Westreicher and no objection was entered to this decree by those who would ultimately take at the end of the trust. Their position is evidently based on the fact that paragraph 145 of chapter 3, Cahill's Illinois Revised Statutes of 1929, expressly provides that no person shall by will, deed or otherwise, dispose of any real or personal property in such manner as to cause in whole or in part an accumulation of income therefrom for a longer term than the life or lives of the grantor or settlor, or for a longer term than 21 years from the death of any grantor, settlor or testator.

It is the policy of this State, as expressed by the foregoing enactment, to prevent and provide against accumulations of income for a long period of time. The trust created by the will in this case, may, by its terms, extend over the period of limitation provided by law. Were it not for this provision and the policy of this State, we might have been inclined to hold that the remaining income vested in the trustees, to be held by them as principal, until the final settlement of the trust.

It is insisted on behalf of Anna Linster Foss, Nicholas Linster and Amanda Scheibe Zacker that, John Westreicher having died testate, it will be presumed that he intended to dispose of all his property and left no part of it intestate, and that this court should adopt any reasonable construction of the will which would dispose of this remaining income.

It is argued that the provision under section (g) that, "and if there be any net income of my trust estate remaining at the end of any year it shall be divided among the said Anna Linster Foss, Nicholas Linster and Amanda Scheibe Zacker, pro rata, in the proportions of their monthly payments hereinbefore provided for," would indicate that they were to receive the amount provided for them in any event. It is also insisted that the semicolon at the end of the sentence, "until the time for the termination of this trust;" was an oversight, and that it was intended to have been a period, in which event it is said there would be no question as to the intention of the testator.

On the other hand, it is pointed out on behalf of the widow, Kathryne Westreicher, that section (g) provides that the defendants named were to receive "after the death of my wife," and that this provision was explicit and that the provision for the payments to the defendants, Foss, Linster and Zacker, were to be made only after such an event had happened.

Evidence was introduced showing that Anna Linster Foss and Amanda Zacker were about the same age as the widow of the deceased, and that the testator might well have known that there would be but little chance of their surviving her.

Keeping in mind the rules for the construction of wills, it appears to us that while no direct provision was made for the remainder of the income, nevertheless, the entire estate, including the income vested in the trustees and this remaining income, should be treated as intestate property which would require a construction of the will as to its disposition by the trustees. The Supreme Court of this State in the case of *Minkler v. Simons*, 172 Ill. 323, held that where no disposition was made of a share of the estate, it would descend as provided in the statute of descent. If this rule were followed in the case at bar, Kathryne Westreicher, as the widow of the deceased, there being

no direct descendants nor issue of the deceased, would be entitled to all the remaining personal property undisposed of by the will. Provision was made in the will for the division of this remaining income in the event of surviving children of the deceased, by a division of one-half to the wife and one-half to the children, and it might well be argued that this provision showed an intention to provide for the wife out of the remaining income and, there being no children, she should receive it all.

Section (g), which provides for the payments to the defendants, Foss, Linster and Zacker, follows the express provision that such payments shall be made after the death of the wife. The argument to the effect that these defendants, or some of them, were about the same age as the wife and that there would be an improbability of their getting any benefit of the will, under a construction which gave the remainder of the income to the wife, is not so clear as to raise an implication that such was the intent of the testator. A gift by implication should be based upon some expression in the will. *Bond v. Moore,* 236 Ill. 576. The intention to be ascertained in construing a will is not that which by inference may be presumed to have existed in the mind of the testator, but such intention must be clearly expressed by words in the will or from an inference readily deducible therefrom. *Pontius v. Conrad,* 317 Ill. 241.

The provisions of section (g) are all contained in the same paragraph and following the express provision that these payments are to be made after the death of testator's wife. The expression "if there be any net income remaining at the end of any year" in our opinion means at any year during the period when the payments to the defendants begin to run, and that would be after the death of the wife.

Under our construction of the will, as derived from the four corners of the instrument, together with the

presumption that a testator intends to have his estate descend in accordance with the laws of descent and distribution in the event there should be any uncertainty in the will, we feel that the remaining income, after the payment of all proper operating expenses, should go to the widow, Kathryne Westreicher, during her lifetime, and then to be disposed of according to the terms of the trust. The trust itself is sufficiently broad to authorize the trustees to reserve out of such remaining income, such sums as are necessary to accomplish the purposes of the trust and to preserve it in a manner best fitting for its ultimate distribution.

For the reasons stated in this opinion, the decree of the superior court is affirmed.

*Decree affirmed.*

RYNER, J., concurs.

HOLDOM, J., not participating.