## Yard, Executor, *versus* Murray *et al.*

1. A lapsed devise descends to the heirs at law of the testator, unless there is an intention expressed in the residuary clause of the will which indicates that the devise thus lapsed shall pass into the residue.

2. Patterson *v.* Swallow, 8 Wright 490, distinguished.

January 17th 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county :* Of January Term 1877, No. 134.

Ejectment by Nicholas Murray and others against Charles Yard, for the one undivided moiety of certain premises, situated at Thirty-fourth and Bridge streets, in the city of Philadelphia. The plaintiffs were the heirs at law of Mary P. Loxley, deceased, and the defendant the executor of said decedent.

The will of Mary P. Loxley had, among other provisions, the following :

"Item. I give, devise, and bequeath unto my friend John Yard, Junior, of the said city, collector, as an evidence of my regard for him, his heirs and assigns, all that certain lot or piece of ground."

[Here follows a description of property in dispute.]

"Item. It is my mind and will, and I do hereby direct, authorize and empower my executors hereinafter named and the survivor of them, and the heirs, executors, and administrators of such survivor, in pursuance and under the express power and authority which I have hereinafter given them, to sell and convert into money all the rest, residue, and remainder of my estate, real, personal, and mixed, of which I may die seised, possessed, or entitled to, and to part and divide the net proceeds thereof (after deducting and defraying all costs, charges, and expenses attending the sale of my said estate), into three even and equal parts or shares, and one of the said three full equal third parts or shares thereof I give and bequeath unto all and every the child and children which my said cousin Charles Massey may leave surviving him, and the lawful issue of any deceased child or children who may be then living, in equal parts and shares, so, however, that the issue of any such deceased child or children shall take, if but one solely ; and if more than one, then equally among them such part and share only as his, or her, or their deceased parent or parents would have taken if then living."

Another third was given to the son of a cousin, George W. Loxley ; and another to the children of decedent's aunt, Elizabeth Jones, upon like conditions.

John Yard, Jr., died subsequent to the date of the will, and before the death of the testatrix. The foregoing facts were admitted

5 NORRIS—8

[Yard *v.* Murray.]

by the parties, and the court instructed the jury to find for the plaintiffs, subject to the opinion of the court upon the following point of law, which was reserved:

"Whether by reason of the death of John Yard, Jr., subsequent to the date of the last codicil, but prior to the death of the testatrix, the premises in question which were specifically devised to him, descended, by reason of the lapse, to the heirs-at-law of the testatrix, or passed with the residuary estate to her residuary legatees and devisees."

The court subsequently entered judgment for the plaintiffs on this point, Elcock, J., in an opinion, saying: "Upon a careful consideration of the numerous authorities, we are of opinion that a lapsed devise descends to the heirs-at-law of the testator, unless there is an intention expressed in the residuary clause of the will to cover the particular devise."

This entry of judgment for plaintiff was assigned for error by the defendant, who took this writ.

*J. Cooke Longstreth* and *Henry S. Hagert*, for plaintiff in error. —In Pennsylvania, since the Wills Act of 1833, a lapsed devise passes by the residuary clause if it be sufficiently clear and comprehensive to embrace it: Patterson *v.* Swallow, 8 Wright 487. The Act of April 8th 1833, Purd. Dig. 1476, pl. 11, declares: "The real estate acquired by a testator after making his will shall pass by a general devise, unless a contrary intention be manifested on the face of the will." The Massachusetts statute, R. S. C. 62, sect. 3, provides: "That any estate, right, or interest in lands acquired by the testator after the making of his will, shall pass thereby in like manner as if possessed at the time of making the will, if such shall clearly and manifestly appear by the will to have been the intention of the testator." This latter statute has the effect of changing the rule of construction that the residuary devisee can take only what at the date of the will was intended for him. It takes from residuary devises their specific character, and removes all ground of distinction between them and residuary bequests: Prescott *v.* Prescott, 7 Metcalf 141 ; Thayer *v.* Wellington, 9 Allen 295 ; Allen *v.* White, 97 Mass. 504. The same effect is ascribed to a similar statute in Maine, *Drew v.* Wakefield, 54 Maine 296.

We contend that no case can be found in which such a residuary clause as contained in this will has been restricted, as claimed by the court below, and that the judgment should be reversed, because 1st. It is manifest that it was the intent of the testatrix that all her real estate not otherwise disposed of at the date of her death should pass by her residuary devise. 2d. That the rule of construction contended for has no application to a residuary devise in

form like this one; and, 3d. That the Wills Act has abolished the rule.

*Edward L. Perkins* and *John G. Johnson*, for defendants in error. —By the common law lapsed devises do not pass to the residuary devisee, and there is no statute in Pennsylvania modifying the common law on the subject. The words of the Massachusetts statute are much broader than ours, and the case of Drew *v.* Wakefield, in Maine, was not one of a lapsed devise, but one in which the special devise was upon a condition precedent which had never been performed. The New York decisions, upon their statute, which is similar to our own, favor our contention that it does not apply to lapsed devises: Van Cortland *v.* Kip, 1 Hill 596; Waring *v.* Waring, 17 Barb. 556. What was said in Patterson *v.* Swallow, *supra*, as to the effect of the statute upon lapsed devises, were mere dicta, for it was the case of a void devise. No specific devise had in fact been made. The decisions which gave the lapsed devise to the heir were based on the distinction between realty and personalty. The heir could only be disinherited by express words or necessary implication.

Chief Justice Agnew delivered the opinion of the court, January 28th 1878.

Where the language of a residuary clause in a will has sufficient scope and extent, evincing the intent of the testator to take up and carry into the residuary estate all of his estate remaining at his death undisposed for any reason, the residuary clause will receive and pass a lapsed devise. This follows from the manifest intent of the testator himself. Such was one of the aspects of Patterson *v.* Swallow, 8 Wright 490, where the residuary words were: " All the rest and residue of my real estate, *which does not pass by virtue of my will* and codicil I give, devise," &c. In his opinion Justice Woodward considers the italicised words as having a strong indication of the testator's desire. Patterson *v.* Swallow was decided, however, on the ground that the antecedent blank legacies were void, and therefore nothing did or could pass under these bequests; in fact, they were no bequests, for there was no one named to take.

But where the residuary clause does not by its own terms take in a lapsed devise, so as to disclose the intent of the testator to pass the lapsed estate into the residue, the rule is different. This we consider settled: Neff's Appeal, 2 P. F. Smith 326. That case was elaborately considered by the late Justice Read, and many authorities cited bearing on the question. The language there was: " The rest (that is all), residue and remainder of my estate, real, personal and mixed, whatsoever, I give, devise and bequeath to my sons," &c. This broad language was held in-

[Yard *v.* Murray.]

sufficient to carry the lapsed share into the residuary clause. While broad, it did not indicate a special intent to pass over lapsed shares into the residue. The language of the will of Mary P. Loxley is certainly no stronger, and evinces no certainty of intent to take up lapsed portions of the estate and pass them into the residue.

Judgment affirmed.