## Richmond.

### KENT AND ANOTHER v. KENT AND OTHERS.

November 22, 1906.

Absent, Harrison, J.

1. WILLS—*Construction—Lapsed Devise—Code, Sections* 2521 *and* 2524—
   *Case in Judgment.*—A testator devised and bequeathed the resi-
   duum of his estate, real and personal, to his three sons, naming
   them. One of the sons died intestate and without issue in the
   lifetime of the testator. Bill filed to construe the will.

   *Held:* The effect of section 2521 of the Code is to make wills of
   real estate as well as of personal property speak as of the date
   of the testator; and of section 2524 of the Code to put real estate
   and personal property on the same footing as to void or lapsed
   devises and legacies. The words "any devise" in section 2524
   declaring that "such of the real estate or interest therein as
   shall be comprised in any devise in such will which shall fail or
   be void, or otherwise incapable of taking effect, shall be included
   in the residuary devise, if any, contained in such will," are
   limited to any devise other than the residuary clause. The tes-
   tator, therefore, died intestate as to the share of the son who
   died in his lifetime.

2. WILLS—*Devise to Several by Name—Classes—Presumption.*—Where
   several persons are provided for by name in a will the presump-
   tion is, in the absence of any indication to the contrary in the
   language of the will, that they are to take in their individual
   and not in their collective capacity, although the persons named
   may constitute a class.

Appeal from a decree in chancery of the Circuit Court of
Wythe county. From an adverse decree complainants appeal.

*Affirmed.*

The opinion states the case.

*Fulton & Fulton* and *Bullitt & Kelly,* for the appellants.

*A. A. Campbell,* for the appellees.

KEITH, P., delivered the opinion of the Court.

Robert C. Kent, Sr., a citizen of Wythe county, died in April, 1905, having first made and published his last will and testament.   He had been twice married, and at the time of the execution of his will there were three children of the first marriage living—William P., Robert C., Jr., and Tyler G. Kent; and of the second marriage his wife and her children—Mary, Elizabeth, Anastasia and J. Cloyd Kent—were living.  By the third clause of the will William P., Robert C. and Tyler G. Kent were given all the residue of the property, real and personal, of which their father was possessed, after making provision for others of his family, subject to the widow's dower during life, to be equally divided between them.   It appears, further, that Tyler G. Kent died intestate and without issue after the execution of the said will, and a few months before the death of his father.

Upon a bill filed to obtain a construction of this will the Circuit Court held that Tyler G. Kent, having died during the lifetime of the testator, leaving no children, the devise to him lapsed and became void; that as to the one-third interest of the said Tyler G. Kent the testator, Robert C. Kent, died intestate; and that it descended to his heirs at law.   From that decree William P. Kent and Robert C. Kent have appealed to this court.

We accept as correct the statement in the petition for appeal with respect to the law bearing on the subject as it stood before the passage of the statutes hereinafter to be considered:

1. That if a lapse occurred in the bequest of personal property outside of the residuary clause the property bequeathed should pass to the residuum, and be distributed among the residuary legatees, because it ought to be held that the testator did

not intend to die intestate as to any of his property if it could be avoided.

2. That whilst this should be held true as to personality, it ought not to prevail as to a devise of realty; and as to it the rule was that if a lapse in a devise of realty, outside of the residuary clause, occurred it should not go to the residuum and pass to the residuary devisees, but should go to the heir; and the reason assigned for the distinction between a bequest and a devise was that as to personal property the will spoke as of the date of the testator's death; but as to real property it spoke as of the date of its execution.

3. That the above-announced principles had no application whatever to lapses occurring in the residuary clause of the will; and that if a lapse there occurred it continued, and the testator as to this should be held to have died intestate, and that the bequest or devise, as the case might be, passed to the next of kin or the heir.

These rules of construction were adopted by our courts and continued in force in this state until the Code of 1849 was enacted, in which two statutes appeared which materially changed the common law, and which are to be found in our present Code as section 2521, which reads as follows: "A will shall be construed, with reference to the real estate and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will"; and 2524, which provides that "Unless a contrary intention shall appear by the will, such of the real estate, or interest therein, as shall be comprised in any devise in such will which shall fail or be void, or otherwise incapable of taking effect, shall be included in the residuary devise, if any, contained in such will."

The obvious effect of section 2521 was to make wills speak with respect to real estate, as they had done under the common law with respect to personal estate, as of the death of the testator, thus sweeping away the distinction which had theretofore

been held to exist with respect to bequests of personal and devises of real estate. This is not controverted.

But it is claimed that while section 2521 has the effect of destroying the distinction between real and personal property, as to the date at which the will shall speak, section 2524 establishes a distinction between the devise of real and the bequest of personal property which shall for any cause fail or be void, viz.: that while a devise or legacy failing from any cause falls into the residuum and passes under its provisions, a failure of any part of the residuary clause itself, as to personal property, by lapse or otherwise, becomes an intestacy and passes to the next of kin as undisposed of; but that, by force of section 2524, real estate comprised in any devise which may lapse or fail to take effect, although it be a part of the residuum, shall still be included in and pass under the residuary clause. So that, in the case before us, there having been a devise to William P., Robert C. and Tyler G. Kent, and the latter having died during the lifetime of his father, his interest in the real estate devised would pass to his surviving brothers.

The argument upon the statute turns upon the force of the words "such of the real estate, or interest therein, as shall be comprised in any devise in such will which shall fail or be void, or otherwise incapable of taking effect, shall be included in the residuary devise, if any, contained in such will"; but we are of opinion that the words "any devise" are to be limited to any devise other than the residuary clause.

As is well said in the opinion of the learned circuit judge: " 'Residue' means that of which no effectual disposition is made other than by the residuary clause. The statute provides that real estate which shall be comprised in any devise which shall fail shall be included in the residuary devise, if any. The statute ·clearly imports a purpose to bring into the residuary devise something of which no effectual disposition is made outside of the residuary clause, and cannot, without greatly straining the words, be construed as changing the rule when the fail-

ure is in the residuum itself. In other words, the subject of section 2524 and statutes to the same effect in England and other states of the union mentioned was to put real estate and personal property on the same footing in respect to void and lapsed devises and legacies." This conclusion seems to be fully warranted by the authorities. See Woerner on Am. Law of Adm., Vol. II, section 437; Beach on Wills, section 262; Redfield on Wills, Vol. II, 1119; Jarman on Wills, Vol. I, page 655.

There is not much force in the contention that if the construction claimed by appellants be not placed upon section 2524 the statute would be wholly useless. This argument would prove too much, for a very great proportion of our statute law is merely declaratory of the common law. The object of the Legislature in such cases is, we presume, to make the law plain, unambiguous and uniform, and to put it beyond the reach of the ebb and flow of judicial opinion and decision.

The construction given by the Circuit Court is in accordance with the current of authority elsewhere and with the little that we have upon the subject in Virginia.

In 18 Am. & Eng. Enc. of Law, page 765, it is said: "Where a residuary bequest or devise lapses or is void it goes to the heirs or next of kin of the testator, as in cases of intestacy, and the same is true where the lapse or invalidity is only as to one or more of several residuary legatees or devisees who are to take distibutively; the share or shares of which the gift fails go to the testator's heirs or next of kin, and not to the other residuary legatees or devises." Citing in support of the text authorities from very many states. *Frazier* v. *Frazier,* 2 Leigh 742; *Stone* v. *Nicholson,* 27 Gratt. 8, where Judge Moncure states the law to be that "When a specific devise fails from any cause the subject of it goes to the residuary devisee, unless a different intention appears in the will. But when a residuary devise fails from any cause the subject of it, to the extent of such failure, goes to the heirs at law of the testator." It is said that this was

a *dictum.* Grant that it is so; it was the *dictum* of a distinguished judge, concurred in by the entire court, and is entitled to much respect.

The effect of section 2521, as we have seen, was to obliterate the distinction which had theretofore existed between legacies and devises, and to place them both upon the same footing, by making the will in all cases, unless a contrary intent appeared, speak as of the death of the testator. The construction placed by appellants on section 2524 would have the effect of making a different rule with respect to a failure occurring in the residuary clause between bequests of personalty and devises of realty, the personalty going to the next of kin, while the realty would be included as a part of the residuary clause and pass in accordance with its provisions, thus defeating one of the objects which the Legislature had in view, which was to give the same construction to wills with respect to real and personal property. We are of opinion that the Circuit Court has correctly construed section 2524.

It is contended, however, that the devise to Robert C., William P. and Tyler G. Kent was to them as a class, and not as individuals, and that, therefore, no lapse occurred by reason of Tyler's death before his father, though they took as tenants in common and not as joint tenants; and that the share of Tyler goes to appellants as the survivors of a class.

The Circuit Court, dealing with this branch of the case, says: "The question as to whether a testator provided for a number of persons as a class, or as individuals constituting a class, is one of intention. The rule is that where several persons are provided for by name a presumption arises, in the absence of any indication in the language of the will to the contrary, that it is to them severally and *nominatim,* and not collectively, although the persons named may constitute a class."

In *Workman* v. *Workman* (Mass.), 2 Allen 472, it is said: "The authorities on this subject conclusively show that it is an established general rule of law that when the parties to whom a

legacy is given are not described as a class, but by their individual names, though they may constitute a class, the death of any one of them before the testator causes a lapse of the legacy intended for the legatee so dying." *Frazier* v. *Frazier, supra;* 2 Woerner's Am. Law of Adm., page 937-8.

In *Moffett* v. *Elmendorf,* 152 N. Y. 475, 46 N. E. 845, 57 Am. St. Rep. 529, it is held that "A devise to the testator's aunt, naming her, and to his cousins, naming seven persons, each to take an equal share, is not a devise to a class, though all the cousins are the children of such aunt. Therefore, upon the death of any of such cousins, his or her devise lapses and goes into the residue."

"While the mere fact that part of the persons composing a class are named is not controlling, when all are named, each by his or her name in full, and an equal share is given to each, the presumption is that they are to take in their individual and not in their collective capacity, although this may be rebutted by other parts of the will showing a different intention. 3 Jarman on Wills, 8; Woerner's Am. Law of Adm., section 434; *Savage* v. *Burnham,* 17 N. Y. 561.

"The courts invariably attach great importance to the designation of the devisees severally by name, and to a provision that they shall share the gift in fixed and definite proportions." *Moffett* v. *Elmendorf, supra.*

In *Hoppock* v. *Tucker,* 59 N. Y. 202, the devise was to three persons by name, and as "the children of my deceased daughter Ann Maria." Chief Justice Church said: "It must be conceded that the clause, as it is written, with its double description, free from the influence or control of other portions of the will, would, according to the adjudicated cases, be construed as a personal legacy to each child. The law infers this intent from the specification of names, and regards the descriptive portion of the clause as intended for identification." Citing *Ashling* v. *Knowles,* 3 Drew 593; *Viner* v. *Francis,* 2 Cox Eq. 190; *Denn* v. *Gaskin,* Cowp. 657; *Bain* v. *Lescher,* 11 Sim. 397.

We are of opinion that the court correctly held that the devise under consideration was to the individuals named and not to them as a class; and upon the whole case we are of opinion that the decree of the Circuit Court should be affirmed.

*Affirmed.*