## GEORGE WASHINGTON UNIVERSITY et al. v. RIGGS NAT. BANK OF WASHINGTON, D. C., et al.

### No. 6833.

United States Court of Appeals for the District of Columbia.

Argued Dec. 7, 1936.

Decided Dec. 28, 1936.

———◆———

Walter C. Clephane, J. W. Latimer, Gilbert L. Hall, E. F. Colladay, and D. C. Colladay, all of Washington, D. C., for appellants.

Arthur J. Phelan, Austin F. Canfield, and William T. Hannan, all of Washington, D. C., for appellees.

Before MARTIN, C. J., and ROBB, VAN ORSDEL, and GRONER, JJ.

VAN ORSDEL, J.

Wilmer Worth, a resident of the District of Columbia, died on the 19th day of November, 1933, leaving a last will and testament dated the 9th day of November, 1933.

The first item of the will related to the payment of debts, the expenses of his last illness, and the disposition of his remains at death. In item II he made specific bequests absolutely to a number of relatives· and friends. The concluding paragraph of this item reads as follows: "In the event that any of the foregoing legatees shall not survive me, his or her legacy shall lapse and fall into the residue of my estate." In item III he gave $1,000 each to the Methodist and Presbyterian Homes in the District of Columbia, and $1,000 to the Baptist Home for Children, located in Montgomery county, Md.

Item IV, which is of special importance here, reads as follows: "All of the rest, residue and remainder of my property and estate, both real and personal, of whatever kind and wheresoever situate, of which I may die seized or possessed, or to which I may be in any manner entitled at the time of my death or over which I may have power of testamentary disposition or appointment, including therein any legacies hereinbefore given which may lapse or fail for any reason, I give, devise and bequeath, absolutely and in fee simple and in equal shares, unto The New York Avenue Presbyterian Church, The George Washington University, The American University and Garfield Memorial Hospital, all of the District of Columbia."

The Riggs National Bank, executor of the estate, filed a petition for instructions in the probate court, to which petition the George Washington University, the American University and the next of kin filed answers. The George Washington University and the American University appeal from the order of the lower court instructing the executor.

Since the will was executed less than one calendar month before the death of the testator, it is conceded that under section 42, T. 29 of the District of Columbia Code the bequest to the New York Avenue Presbyterian Church is invalid, and the question here presented is whether the testator died intestate as to the one-fourth of the residue bequeathed to the church, or whether the three remaining institutions named in the residuary clause shall take in equal shares the portion of the residue bequeathed to the New York Avenue Presbyterian Church.

Taking the will by the four corners and examining it to ascertain the intent of the testator, we find a definite disposition of any lapses which might occur in any of the specific legacies bequeathed in the second item of the will. In plain language, they fall into the residue. In the residuary clause reference is made to any such lapse should it occur and become a part of the residue. Inasmuch, however, as no such lapse occurred, further reference to this feature of the will is unnecessary.

■ Coming to the residuary clause, the residuum is divided by the testator into four separate specific legacies. One of these legacies has failed due to the operation of law, and it is earnestly contended by the appellants that this legacy should be divided equally between the three remaining residuary legatees. While the intention of the testator to dispose of all of his estate may appear from the face of the will, if a condition later arises which was clearly not contemplated by the testator, it is not within the power of the courts to amend the will by attempting to supply the omission. As was said in Pontius v. Conrad, 317 Ill. 241, 244, 148 N.E. 17, 18: "It is true, as the appellees insist, that a testator is presumed to have intended by his will to dispose of all his property and leave no part of it as intestate estate, and the court will adopt any reasonable construction of the will rather than hold that the testator intended to die intestate as to any of his property. If, however, the testator has overlooked a condition which he would perhaps have provided for if it had occurred to him, the court cannot guess at what provision he would probably have made and by construction read it as a part of his will on the presumption that he would naturally have made such a provision if he had thought of it. Moeller v. Moeller, 281 Ill. 397, 117 N.E. 1002. Where there is nothing in the will itself to show the intention of the testator as to the disposition of his property in the condition which has actually arisen, the court cannot hold that the will disposes of the property in a particular way, on the supposition that the testator would probably have disposed of it in that way if his attention had been called to the particular circumstances."

It was conceded at bar, as indeed it must be, that the residuary legatees cannot be treated as a class. They are tenants in common. The residue was not given to a class, but each legacy was given to a specifically named legatee.

■ At common law where in the residuum of a will a legacy lapsed or became void through operation of law or otherwise, in the absence of specific directions by the testator as to its disposition, the testator was held to have died intestate as to such legacy and the property was distributed to the next of kin. This rule of the common law had its origin in very early English cases. It was announced in 1721 in the case of Bagwell v. Dry, 1 P.Wms. 700, 24 Eng. Reprint, 577 as follows: "The Lord Chancellor, after time taken to consider of it, did this day deliver his opinion, that the testator having devised his residuum in fourths, and one of the residuary legatees dying in his lifetime, the devise of that fourth part became void, and was as so much of the testator's estate undisposed of by the will; * * * that it could not go to the surviving residuary legatees, because each of them had but a fourth devised to them in common, and the death of the fourth residuary legatee could not avail them, as it would have done, had they been all joint legatees, for then the share of the legatee dying in the life of the testator, would have gone to the survivors. But here the residuum being devised in common, it was the same as if a fourth part had been devised to each of the four, which could not be increased by the death of any of them."

In the case of In Re Dunster, [1909] 1 Ch.Div. 103, 105, the court, following the holdings of the English courts from the case of Bagwell v. Dry, supra, said: "I have felt considerable difficulty over this

question, owing to the state of the authorities. The question that I have to decide arises under these circumstances: There is a well-known rule that where residue is given to tenants in common, and one of the tenants in common dies in the testator's lifetime, the lapsed share does not go as an accretion to the gift to the other tenants in common, but it is held that there is an intestacy and the share goes amongst the next of kin. That is, there can be no residue of a residue."

The courts of this country, in the absence of specific legislation respecting devises and bequests of the residuum of an estate, have generally followed the common-law rule, where the residuum was not given to a class, but to individual specific legatees. There is no theory on which the application of the doctrine of survivorship can be sustained, unless the rule of the common law has been clearly abrogated by statute. Illustrating the extent to which the common-law rule is established in American jurisprudence, Woerner, in his American Law of Administration (3d Ed.), § 437, says: "It is obvious, however, that, if the residuary legacy itself lapses, the testator, as to that, died intestate; hence where the will gives to several persons specific shares of the residue, (there being nothing to show an intent that such share should go to the other residuary legatees) the share of such of them as may die before the testator will go to the next of kin. A general residuary bequest or devise does not include any part of the residue which fails, whether by lapse, illegality, or revocation."

Since this case is one of first impression in this District as to the question here involved, we come now to a consideration of the effect of section 1631 of the District of Columbia Code 1901 (section 30, T. 29, 1929 Code), which reads as follows: *"Lapsed or void devises.*—If a devisee or legatee die before the testator, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed as the devisee or legatee would have done if he had survived the testator, unless a different disposition be made or required by the will. Unless a contrary intention appear by the will, such property as shall be comprised in any devise or bequest in such will which shall fail or be void or otherwise incapable of taking effect shall be deemed included in the residuary devise or bequest, if any, contained in such will."

At common law the rule was firmly established that where a bequest of personal property for any reason failed, that portion would fall into the residuum if a residue was provided for in the will, otherwise it would go to the next of kin. But this rule had no application to devises of real estate, hence the reason for the enactment of statutes in a number of states similar to section 1631, supra.

This being a case of first impression, as hereinbefore noted, it is helpful to consider the interpretation placed upon similar statutory provisions in states where the question has been adjudicated. In Pennsylvania the rule of the common law was steadfastly adhered to until 1833, when the Legislature of that state enacted a statute apparently intending to abolish the distinction between real and personal estates and to treat them on the same common ground, but this statute was never construed by the Pennsylvania courts as applying to lapsed residuary shares. Yard v. Murray, 86 Pa. 113; Massey's Appeal, 88 Pa. 470.

In 1879 the act of 1833 (P.L. 249) was supplemented by the Pennsylvania Legislature in language very similar to our section 1631. The act reads as follows: "That unless a contrary intention shall appear by the will, such real estate or interest therein as shall be comprised or intended to be comprised in any devise in such will contained, which shall fail or be void by reason of the death of the devisee in the life time of the testator, or by reason of such devise being contrary to law or otherwise incapable of taking effect, shall be included in the residuary devise, if any, contained in such will." (Act June 4, 1879, P.L. 88.)

In every case which came before the Pennsylvania courts to which our attention has been directed, interpreting the provisions of this act and relating to lapsed residuary legacies and devises, it was held not to apply to legacies and devises other than those contained in the body of the will which lapsed into the residuum. This interpretation by the courts led to the enactment in 1917 of a further amendment to the Act of 1879, as follows: "In any case where such devise or bequest which shall fail or be void, or shall be revoked as aforesaid, shall be contained in the residuary clause of such will, it shall pass to and be divided among the other residuary devisees or legatees, if any there be, in proportion to their respective interests in such residue." (20 P.S. § 253.)

Thus it will be observed that in Pennsylvania a special statutory provision was

necessary to secure the result contended for by appellants in a situation where one of several residuary devises or bequests lapses.

A statutory provision in Virginia, very similar to ours, has received an interpretation similar to that of the Pennsylvania courts. The Virginia law was passed in 1849, and now appears as section 5239 of the 1930 Code, reading as follows: "Unless a contrary intention shall appear by the will, such real estate or interest therein as shall be comprised in any devise in such will, which shall fail or be void, or otherwise incapable of taking effect, shall be included in the residuary devise (if any) contained in such will." The Virginia Supreme Court, interpreting this statute in the case of Kent v. Kent, 106 Va. 199, 55 S.E. 564, 566, said: "But we are of opinion that the words 'any devise' are to be limited to any devise other than the residuary clause. * * * '"Residue" means that of which no effectual disposition is made other than by the residuary clause. The statute provides that real estate; which shall be comprised in any devise which shall fail, shall be included in the residuary devise, if any. The statute clearly imports a purpose to bring into the residuary devise something of which no effectual disposition is made outside of the residuary clause, and cannot, without greatly straining the words, be construed as changing the rule when the failure is in the residuum itself. In other words, the subject of section 2524, and statutes to the same effect in England and other states of the Union mentioned, was to put real estate and personal property on the same footing in respect to void and lapsed devises and legacies.' "

Statutes similar to ours have received the same interpretation in Rhode Island, West Virginia, and other States. Church v. Church, 15 R.I. 138, 23 A. 302; Hoke v. Hoke, 12 W.Va. 427.

 In the light of the common law which is still in force in this District except where abrogated by statute, and upon the only reasonable interpretation which we find it possible to place upon the statute here involved, it must be held that the common-law rule still prevails in this District as to devises and bequests contained in the residuum, and such rule must be held controlling until legislation is enacted, as in Pennsylvania, specifically regulating the disposition of such devises and bequests. Section 1631 applies only to lapsed devises and bequests provided for in the body of the will, and makes both devises and bequests subject to the common-law rule which was applicable to lapsed bequests only, namely, that such lapsed bequests fall into the residue.

It should also be observed that the courts of Maryland have adhered to the common-law rule on this question. Tongue v. Nutwell, 13 Md. 415, 427; Church Extension of M. E. Church v. Smith, 56 Md. 362, 399.

We are therefore clearly of the opinion that in the absence of definite language in the will giving the void legacy to the other residuary legatees, it must be held that the testator died intestate as to the void legacy. It cannot go to increase the shares of the other tenants in common.

The order of the lower court instructing the executor is affirmed.