## NATIONAL SAVINGS & TRUST CO. v. BAILEY et al.

### No. 10262.

District Court of the United States for the District of Columbia.

Nov. 15, 1941.

John E. Powell (of Minor, Gatley & Drury), of Washington, D. C., for plaintiff.

Fontaine C. Bradley, of Washington, D. C., for defendant St. Luke's Home for Aged Women.

PINE, Associate Justice.

Plaintiff moves for judgment on the pleadings. No question is raised as to the propriety of this procedure. There being no issue of fact and the sole issue being one of law, this procedure would appear to be proper. Rule 12(c), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The complaint prays that the court construe the relevant provisions of the will of Julia C. Lindsly and instruct the plaintiff as to the proper distribution of a fund in its possession.

Item XII of the will gives $4,000 to plaintiff, in trust, to manage, invest and re-invest and to pay the net income to Emelyn W. Washburn for life. Further, said item provides that should plaintiff, as trustee, be satisfied that it would be to the best interests of Emelyn W. Washburn so to do, on account of illness or other emergency, it shall have authority to pay to Emelyn W. Washburn such parts of the principal of the fund as may be necessary.

Item XIV provides that the residue of the estate be given to certain trustees, including plaintiff, in trust, to hold, manage and dispose of in the manner provided thereby.

Paragraph 12 of Item XIV provides that the remaining estate, after payment of certain legacies therein set forth, shall be distributed in certain proportions to various persons, including 8/37ths to plaintiff as trustee under Item XII, and further provides that this sum "shall be added to the trust fund therein created."

Emelyn W. Washburn died on January 19, 1939, leaving an undisbursed balance in the hands of plaintiff as trustee under Item XII of the will, this balance being the amount remaining of the $4,000 initial trust fund, as augmented by the amount received by plaintiff under Paragraph 12 of Item XIV of the will.

The question presented is whether or not this balance was disposed of by the testatrix by the terms of her will and how and to whom plaintiff shall distribute the same.

No distinction can be made between the $4,000 of the initial fund created by Item XII and the moneys received in addition thereto under the provisions of Paragraph 12 of Item XIV for the reason that the testatrix created a life interest in Emelyn W. Washburn of the entire fund with the right to receive principal under the conditions mentioned; and the money now in the hands of plaintiff under Item XII is the remainder, after termination of the life interest, of the trust fund of $4,000 as augmented by the amount received under Paragraph 12 of Item XIV.

The contention that the amount received by plaintiff, as trustee, in augmentation of the $4,000 trust fund has already been disposed of under the residuary clause is not maintainable, inasmuch as all that was transferred to plaintiff under the residuary clause was a life interest.

In my opinion, the entire balance now in the hands of plaintiff has become part of the residuary estate and must be disposed of under the residuary clause of the will (Item XIV). Evans v. Ockershausen, 69 App.D.C. 285, 295, 100 F.2d 695, 128 A.L.R. 177. However, the trust set up by Item XII having terminated, 8/37ths of such balance payable under Item XIV to plaintiff as trustee for Emelyn W. Washburn under Item XII will be regarded as intestate property to be distributed to the next of kin of testatrix. George Washington University et al. v. Riggs Nat. Bank, 66 App.D.C. 389, 88 F.2d 771.