**SHEPHERD et al. v. PERATINO et al.**

No. 10297.

United States Court of Appeals
District of Columbia Circuit.

Argued March 14, 1950.

Decided May 3, 1950.

Mr. H. Cecil Kilpatrick, Washington, D. C., with whom Mr. Frederick A. Ballard, Washington, D. C., was on the brief, for appellants.

Mr. Walter M. Bastian, Washington, D. C., with whom Mr. Louis P. Maniatis, Washington, D. C., was on the brief, for appellee, Charlotte S. Peratino.

Messrs. Arthur P. Drury, John M. Lynham and John E. Powell, Washington, D. C., entered appearances for appellee, National Savings & Trust Co.

Before WILBUR K. MILLER, FAHY and BAZELON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

When Azemia Shepherd executed her will on March 14, 1915, she had three living sons and one grandson, who was the child of a fourth son, then dead. The three sons, A. M. Shepherd, W. J. Shepherd and R. D. Shepherd, and the grandson, Henry, survived when Mrs. Shepherd died in October, 1915.

The second paragraph of the will, the pertinent portion of which is reproduced in the margin [1] because it gave rise to this lit-

1. "*Second:* I direct that as soon as practicable and within thirteen months from the date of my death my executors hereinafter named shall designate some trust company or trust companies to be Trustee under this will, and I direct my executors within said time to deposit with said Trustee, a trust fund, in their discretion to be not less than twenty nor more than twenty-five per cent of the amount of my estate, after the payment

of all debts and costs. Said trust fund to be either in cash or in first class interest-bearing securities at their fair market value, or part cash and part securities as aforesaid, as my said executors may determine. I grant unto the Trustee selected as aforesaid, full and complete power to manage said trust fund, to invest and reinvest, to sell and convey or otherwise dispose of the same for the purpose of the proper investment

igation, required the executors to place with a trust company of their choice not more than twenty-five per cent and not less than twenty per cent of her net estate, to be held in trust as in that paragraph directed. Other provisions of the will bequeathed and devised to the three living sons the remainder of the estate, which was, of course, the bulk of it.

Pursuant to the testamentary injunction, the executors placed in trust with the National Saving and Trust Company of the District of Columbia assets worth some $16,000. The trust company complied strictly with the conditions of the trust. It paid the income to A. M. Shepherd and W. J. Shepherd in equal shares until A. M. Shepherd died in 1939, after which the entire income was paid to W. J. Shepherd until his death in September, 1943. Following the death of W. J. Shepherd, the trust company paid the income to the last surviving son, R. D. Shepherd, as long as he lived. R. D. Shepherd died in June, 1948, unmarried and without issue, leaving a will which bequeathed and devised his entire estate, except for a minor bequest, to one Viola May Kidwell. Henry Shepherd, Jr., grandson of the testatrix, died in 1942, thus predeceasing his uncles, W. J. Shepherd and R. D. Shepherd. Henry was and is survived by four children.

In this state of affairs, the life estates having ended and the time for distribution of the principal having arrived, the National Savings and Trust Company, uncertain as to what course it should take, filed suit in the United States District Court against the four children of Henry Shepherd, Jr., against Charlotte S. Peratino, only child of W. J. Shepherd, and against Viola May Kidwell, as executrix of and residual legatee under the will of R. D. Shepherd, deceased,[2] asking the court to construe the will of Azemia Shepherd and to instruct the trustee as to the proper distribution to be made thereunder. The situation was aptly described in the following paragraph of the complaint:

"7. Plaintiff is informed and believes, and therefore avers, that Henry Shepherd, the grandson of the testatrix neither survived the three sons of testatrix, nor died during their lifetime *without leaving children,* which contingencies are expressly provided for by said will, but that the said Henry Shepherd died during the lifetimes of two sons of the testatrix and left children him surviving, which contingencies are not expressly provided for by the will, and therefore plaintiff is unable to determine whether the property in its possession should be distributed to the heirs at law of said testatrix as intestate property, or to

and management thereof. Any purchaser or purchasers not to be required to see to the due application of the purchase money. Said trustee shall pay the income derived from said trust fund in convenient installments not less often than semi-annually, unto my sons W. J. Shepherd and A. M. Shepherd in equal shares during their lives, and upon the death of either to the survivor during his life. Upon the death of both my sons W. J. and A. M. Shepherd, said trustee shall pay the income of said trust fund as aforesaid unto my son R. D. Shepherd, if he be then living, during his life. Should my grandson Henry Shepherd, son of my deceased son Henry Shepherd, survive my said three sons, I give and bequeath the said trust fund unto him, my said grandson Henry upon the death of my last surviving son, provided that said Henry shall then have attained the age of thirty years, if not, said trust fund shall be held by said trustee until my said grandson shall attain the age of thirty years, when said

trustee shall pay the same unto him with the accumulated interest. But should my said grandson Henry Shepherd, having survived my three said sons, die before reaching the age of thirty years and having married and left child or children, I direct that said child or children receive said trust fund with the accumulated interest, equally divided among them when they respectively arrive at the age of twenty-one years; it being understood that said trust fund shall be held in trust by the Trustee until they arrive respectively at the age of twenty-one years, and then paid to them with the accumulated interest thereon.

"If my said grandson Henry die during the lifetime of any of my said sons and not leave child or children, then and in that event I grant unto my last surviving son the power to dispose of said trust fund by his last will."

2. These defendants were the only possible claimants, as A. M. Shepherd died child-

the children of the aforesaid Henry Shepherd, or whether the same should pass under the will of the said R. D. Shepherd as the last surviving son of testatrix."

The four children of Henry Shepherd, Jr., grandson of the testatrix, answered and asked that the trust fund be divided equally among them, relying upon the second item of the will. They also moved for summary judgment. Viola May Kidwell, beneficiary of the will of R. D. Shepherd, the last of the three sons, did not appear and asserted no claim. Charlotte S. Peratino, only child of W. J. Shepherd, pleaded that the funds held in trust should be distributed to the surviving heirs and next of kin of Azemia Shepherd as though she had died intestate. Then she abandoned that position and moved for summary judgment to the effect that the trust fund should pass to the residual legatees named in item fourth of the will.[3]

The District Court, granting Mrs. Peratino's motion for summary judgment, directed the trust company to distribute the principal of the trust estate and the accumulated interest thereon according to the provisions of item fourth, which is shown in footnote 3. In other words, the trial court awarded the principal to the estates of the three dead sons of the testatrix, and held the grandson's children should not take the fund because their father had died before the termination of his uncles' life estates. The four children of Henry Shepherd, grandson of the testatrix, appeal.

In our opinion the District Court erred in construing the will as it did. Foremost among several reasons for reaching that conclusion is that we find testamentary language which not only justifies but requires the holding that, in the situation which developed, the trust fund passes to the appellants, the four children of Henry, the grandson of the testatrix.[4]

In item second, the portion of the will which establishes and governs the trust, Mrs. Shepherd gave the income from the trust fund to her three sons for their lives, with remainder to her grandson, Henry, if he should be thirty years old when the life estates ended; if not, when he reached that age, or to his children if he should die before attaining it. All this presupposed that Henry would survive the life tenants and therefore would himself be the remainderman, with possession immediate or deferred, according to his then age.

Having so provided, the testatrix wrote the following crucial sentence which we regard as determinative of the question before us:

"If my said grandson Henry die during the lifetime of any of my said sons and *not leave child or children*,[5] then and in that event I grant unto my last surviving son the power to dispose of said trust fund by his last will." (Emphasis supplied.)

Under a principle of construction[6] which we employ because it is soundly based on common sense, there is implicit in

---

less, leaving a will in favor of his brother, W. J. Shepherd.

3. Item fourth of the will is as follows:
   "*Fourth:* All the rest, residue and remainder of my property and estate both real and personal, of whatsoever character or description and wheresoever situated or found, I give, bequeath and devise, absolutely and in fee simple, unto my sons R. D. Shepherd, W. J. Shepherd and A. M. Shepherd, in the following proportions, to wit: Unto R. D. Shepherd, one-seventh; unto W. J. Shepherd, three-sevenths, and unto A. M. Shepherd, three-sevenths."

4. Since the will before us contains a provision which is applicable in the circumstances which arose, this case is dis-

tinguishable from George Washington University v. Riggs National Bank, 1936, 66 App.D.C. 389, 390, 88 F.2d 771, 772, relied on in the District Court's opinion, in which there was "nothing in the will itself to show the intention of the testator as to the disposition of his property in the condition which has actually arisen * * *."

5. In which event she must have thought his line would be extinct; for if the grandson should die childless and at such an early age as to be survived by one or more of his uncles, she would have been justified in thinking that he probably would not be survived by grandchildren.

6. The rule to which we refer is thus stated in Restatement, Property § 272:
   "When property is limited to an other-

the sentence just quoted a testamentary intention as to the disposition of the trust fund if Henry were not childless when he predeceased one or more of his uncles. The rule to which we allude requires the sentence to be read as though the testatrix had added to it the following:

"* * * But if my grandson Henry die during the lifetime of any of my said sons (and so without personally taking the principal) and *leave a child or children,* such child or children shall take the trust fund when the death of the last of my sons has ended the life estates therein."

As said in the *Restatement's* comment on the rationale of the rule, the failure to make the inference which we have drawn from the sentence quoted from the will would attribute to Mrs. Shepherd caprice in the disposition of the trust fund.

This construction of the will comports with and gives effect to the basic, fundamental, dominant purpose of the testatrix which we think is revealed by the following resumé of that instrument and of the factual situation which existed when it was written.

As has been said, Mrs. Shepherd had four sons, of whom three were then living. A grandson was the then representative of her deceased fourth son. It is not without significance that, in those circumstances, the testatrix divided her estate into two parts, one consisting of approximately three-fourths of the whole, and the other consisting of the remaining one-fourth; and that she left the three-fourths part to her three living sons, and the one-fourth part to her grandson, subject to the life estates

therein in favor of the three living sons. The principal of the one-fourth part, of course, could not be delivered to a remainderman until the death of the last son had ended the life estates; it would then be paid to Henry if he were thirty, or when he became thirty, or to his children if he died before reaching that age. It is thus indisputably clear that Mrs. Shepherd wanted Henry to have the one-fourth part if he survived the life tenants; and if he did not, the only additional express provision has to do with what should be done with the principal of the fund if Henry's line failed with his death.

This general scheme of the trust provision of the will reveals a dominant and quite natural intention ultimately (that is, after the termination of the life estates) to give to Henry or his children the one-fourth portion of the estate which it is reasonable to assume the testatrix would have given to Henry's father had he not predeceased her. It follows that our construction of the will, and of the crucial sentence thereof which we have quoted, promotes and makes effective the dominant purpose of the testatrix.

The District Court's decision that Mrs. Shepherd intended the trust fund to go to the estates of her three sons, to the exclusion of Henry's children, merely because Henry died before the life estates ended, necessarily attributes to the testatrix motives and purposes which we regard as rather remarkable, if not irrational. In the first place, she is thereby charged with intending that Henry's children should have the fund at his death if he survived all his uncles, but that they should not take it if

---

wise effective conveyance 'to B for life, and if B dies without issue, then to C,' or by other words of similar import, then, unless a contrary intent of the conveyor is found from additional language or circumstances, an inference is required that the conveyor has limited an interest in favor of the issue of B, in the event that B dies survived by issue." In commenting on the rationale of the rule, the Restatement points out:

"* * * the specific language creates only an estate for life in B and a remainder in favor of C which is to become pos-

sessory if, but only if, B is unsurvived by issue at the moment of his death. As to the other equally possible alternative, namely, if B dies survived by issue, there is, in terms, no disposition. Nevertheless, in this situation, * * * the intent commonly prevalent among conveyors similarly situated * * * requires the inferring of an interest in favor of the issue of B. The failure to make such an inference would impute to the conveyor caprice in the disposition of his property and no such imputation is to be made when reasonably avoidable."

he died even an hour before the death of the last uncle. She made no such provision but, on the other hand, said what should be done if Henry died *childless* during the continuance of any of the life estates.

There is yet another reason for holding item fourth, the residuary provision, to be inapplicable. After setting up the trust fund and after giving her household and personal effects to her three sons, the testatrix wrote in item fourth that her three sons were also to have all the "rest, residue and remainder" of her estate; that is to say, all except the trust fund with repect to which they were restricted to life estates. A ruling which makes the trust fund a part of the "rest, residue and remainder" cannot be justified. We found in the crucial sentence of item second an intention to dispose of the trust fund in the circumstances which came about; but, had it been impossible to discover in that or any other provision of the will an affirmative intention to dispose of the trust fund in those circumstances, it would have been more logical to hold that Mrs. Shepherd was intestate with respect to it than to throw it into the "rest, residue and remainder" from which she had excluded it. But she was not intestate, as we have seen, since the crucial sentence disposes of the principal of the fund. The judgment appealed from will be reversed and the cause will be remanded for the entry of a judgment in accordance with the views herein expressed.

Reversed.