Lucille STARKEY et al., Appellants,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 11288.

District of Columbia Court of Appeals.

Argued Jan. 17, 1977.

Decided Aug. 1, 1977.

Nathan L. Silberberg, Arlington, Va., with whom Howard B. Silberberg, Washington, D. C., was on the brief, for appellants.

Richard W. Barton, Deputy Corp. Counsel, with whom John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Deputy Corp. Counsel, E. Calvin Golumbic, Asst. Corp. Counsel, Washington, D. C., at the time the brief was filed, and Nancy R. Dorsch, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before KELLY and KERN, Associate Judges, and PAIR, Associate Judge, Retired.

KELLY, Associate Judge:

We review here the probate court's construction of the will of Paul Prentice, deceased. The document itself is simple. In the body of the will the testator left a watch and a ring to his "nephew." [1] He disposed of the rest of the estate as follows:

3. All the rest, residue and remainder of my estate, real and personal, wheresoever situate, I devise and bequeath to my sister-in-law, . . . my niece, . . . my nephew, . . . and to Dr. S. H. Roberts, . . . share and share alike. In the event any of the persons mentioned in this Paragraph 3 of my LAST WILL AND TESTAMENT do not sur-

_____

1. The decedent had no heirs. Gifts to his "nieces" and "nephews" were to his wife's rel-

atives, who do not take under the intestacy statute. D.C.Code 1973, § 19–309, *et seq.*

vive me, then, in that event, his or her devise and bequest shall lapse.

Dr. Roberts predeceased the testator by several months. In a lengthy opinion [2] the probate court held that in view of the testator's instructions that in such event the bequest would lapse, Roberts' share passed by intestacy and as the testator had no heirs, Roberts' share of the estate escheated to the District of Columbia.

Lucille and James Starkey, co-executors of the estate, contend on appeal that contrary to the court's ruling, the testator intended that any share which lapsed according to his instructions should be divided equally among the other residuary legatees. They urge as controlling that portion of D.C.Code 1973, § 18–308, which provides that any gift which is void or fails or is otherwise incapable of taking effect should pass under the residuary clause.[3] The issue is, therefore, whether the testator's direction that if a legatee did not survive him the bequest shall "lapse" precludes the anti-lapse statute from operating to save the one-fourth share of his estate from passing by intestacy.

In reaching its decision, the probate court relied on *George Washington University v. Riggs National Bank of Washington, D. C.,* 66 App.D.C. 389, 88 F.2d 771 (1936). In that case the testator left his residuary estate to four institutions as tenants in common. One of the residuary gifts was void under then § 42, Title 29 of the District of Columbia Code [the Mortmain Statute].[4] As the testator had made no provision for such contingency, the court held that the void share must pass by intestacy rather than to the other residuary legatees. Specifically, the court held:

We are therefore clearly of the opinion that in the absence of definite language in the will giving the void legacy to the other residuary legatees, it must be held that the testator died intestate as to the void legacy. It cannot go to increase the shares of the other tenants in common. [*Id.* at 392, 88 F.2d at 774.]

In the case before us, the testator did anticipate that a residuary legatee might predecease him and provided that in such event his or her share would lapse. The significance of that instruction is only that the heirs of the predeceased legatee would not share in the estate. And in the absence of any ambiguity in this language, extrinsic evidence was inadmissible to prove what the testator intended should happen to the lapsed share. *In re Estate of Kerr,* 139 U.S.App.D.C. 321, 332, 433 F.2d 479, 492 (1970); *Baker v. National Savings and Trust Co.,* 86 U.S.App.D.C. 161, 162, 181 F.2d 273, 274 (1950). Thus, as in *George Washington University,* we are left with a void or lapsed gift and no indication as to what the testator desired to happen to that legatee's share of the estate. As the cases are indistinguishable, the trial court correctly held that the lapsed share passed by intestacy and escheated by law to the District of Columbia.[5]

Appellants' argument that under D.C.Code 1973, § 18–308 (the anti-lapse statute) the lapsed share should pass to the residuary clause and thence to the remaining tenants in common is not convincing.

**2.** 104 Wash.D.L.Rep. 172 at 1525 (Sept. 2, 1976).

**3.** D.C.Code 1973, § 18–308 provides:

Unless a different disposition is made or required by the will, if a devisee or legatee dies before the testator, leaving issue who survive the testator, the issue shall take the estate devised or bequeathed as the devisee or legatee would have done if he had survived the testator. Unless a contrary intention appears by the will, the property comprised in a devise or bequest in a will that fails or is void or is otherwise incapable of taking effect, shall be deemed included in the residuary devise or bequest, if any, contained in the will.

**4.** The current equivalent of this section is D.C. Code 1973, § 18–302. This court has recently held § 18–302 unconstitutional as a violation of both due process and equal protection principles. *Estate of French v. Doyle,* D.C.App., 365 A.2d 621 (1976), *cert. granted,* —— U.S. ——, 97 S.Ct. 2917, 53 L.Ed.2d 1058 (No. 76–1057, 1977 Term).

**5.** None of the cases cited by appellants for the proposition that *George Washington University* has been so eroded as to no longer be authoritative are persuasive.

Although it is now settled that § 18–308 does apply to gifts in residuary clauses,[6] *In re Estate of Kerr, supra,* 139 U.S.App.D.C. at 325, 433 F.2d at 483, the lapsed share in this case was already in a residuary clause containing clear language that the testator did not wish the issue of the residuary legatees to take under the will and lacking any direction that the lapsed bequest be divided among the remaining legatees.[7] Furthermore, the anti-lapse statute does not apply when vesting of a gift is conditioned on surviving the testator, as was explicitly the case here. *In re Estate of Kerr, supra* at 326, 433 F.2d at 484.

As we find appellants' other arguments for reversal unpersuasive, the order on appeal is

*Affirmed.*

6. The court in *George Washington University* followed the common law rule that anti-lapsed statutes do not apply to residuary clauses. This does not affect either the applicability of that case to ours or our holding, for the reason that our testator explicitly directed that the share in question shall lapse, thus precluding passage to the legatees' heirs.

7. If the first sentence of § 18–308 were to apply, it would operate to pass Dr. Roberts' share to his heirs, not to the other residuary legatees, a construction urged neither by the heirs nor any of the parties.